SAMUEL HAMILTON *vs.* SAMUEL A. JONES.—*June*, 1831.

E, tenant for life, permitted H to cut a ditch through her land, to supply his mill with water. Upon the death of E, a verbal agreement was made between the remainder-man and H, for the purchase of the ditch, and the amount of the purchase money was to be ascertained by certain arbitrators.An award being made, H filed his bill for a performance of this agreement. The defendant's answer admitted the facts, but relied upon the statute of frauds as a bar—HELD, there was no part performance, and the contract could not be enforced.

The ground upon which Chancery interposes its aid, in the case of a clear part performance of a verbal agreement, is, that to withhold relief, would be to suffer a party, seeking to shelter himself under the statute of frauds, himself to commit a fraud.

APPEAL from the Equity side of *Prince George's* County Court.

The bill which was filed on the 28th of December, 1825, stated, that some time in the year 1817, the complainant (the present appellant,) purchased a mill-seat and mill, on a water course called " *Piney Branch*," being part of a tract of land called the " *Resurvey on part of Isaac's Park*," containing two acres ; that for the purpose of conveying water to his mill, with greater convenience and effect, he shortly after his aforesaid purchase, by the leave, and with the consent of a certain *Elizabeth Jones*, cut a ditch of about 100 or 120 yards in length, through a small angle, or corner of a tract of land called the " *Wintersols Range*," at that time in the possession of the said *Elizabeth Jones*, who was tenant thereof for life, under the will of her deceased husband, *Richard S. Jones*, and has continu-

ally since, quietly used, and enjoyed the benefit of the said water course, by means of the said ditch, until some time in October last, when a certain *Samuel A. Jones,* (the appellee,) to whom the land called "*Wintersol's Range,*" had descended, upon the death of his mother the said *Elizabeth Jones,* which occurred some time in the preceding month of July, informed the complainant, that he conceived his land was injured by said ditch, and that some compensation must be made him therefor, which the complainant being perfectly willing to do, to any reasonable or just amount, assented; but they being themselves unable to agree upon what should be the amount of the compensation, it was agreed to leave the matter to the arbitration of two persons, one to be chosen by each party, with power to the arbitrators, in case of disagreement, to call in a third person as umpire; the defendant, the said *Jones,* promising upon the payment by the complainant to him, of the sum so to be ascertained to secure to the complainant and his heirs, the right to convey water to his mill in the manner aforesaid, by a legal, and valid instrument of writing. That the arbitrators not being able to agree upon the sum to be paid by the complainant, in pursuance of the authority given them for that purpose, called in an umpire, who determined, as complainant is informed, that ninety dollars was an adequate compensation for any damage, or injury which the defendant had, or might sustain by reason of said ditch, which sum, and ten dollars more, the complainant has already offered, and is still willing to pay the defendant, who refuses to receive the same, and threatens to destroy said ditch, and divert the water from complainant's mill, unless he will pay a much larger sum. *Prayer* for an injunction and a general relief, &c.

The County Court granted an injunction accordingly, until further order.

The *answer* of the defendant admitted the purchase by the complainant, of the mill seat, &c., as stated in his bill, and that he did with the leave, and permission of defendant's

mother, *Elizabeth Jones*, convey water to the same in the manner he has charged, through a part of a tract of land called "*Wintersol's Range*," in which the said *Elizabeth* had a life estate, under her husband's will; the defendant, under the same will, was entitled to a fee in remainder therein, after the death of the said *Elizabeth*. The defendant admitted, that upon the death of said *Elizabeth*, which occurred some time in the fall of 1825, he took possession of said land, and supposing himself to be prejudiced by the said ditch, he informed complainant, that he must make him compensation, and unless he did so, he should be compelled to obstruct the passage of the water. He admitted the reference to arbitration as stated, and the calling in of the umpire, who, he has been informed and believes, declared, that the injury done defendant, was fully equal to $120, but that he afterwards determined upon making an award upon principles, which defendant does not consider to be correct. The answer then asserts that the agreement set up in the bill, being in relation to an interest in land, and not being in writing, is void under the provisions of the statute of frauds, which is pleaded, and relied on as a defence to the relief prayed.

The cause was set down for hearing on bill, and answer, and the County Court at July term, 1829, dissolved the injunction, and dismissed the bill with costs.

From this decree, the complainant appealed to the Court of Appeals.

The cause was argued before BUCHANAN, Ch. J., and EARLE, MARTIN, ARCHER, and DORSEY, J.

By *A. C. Magruder*, for the appellant, who contended,
1. That the defendant is bound by the agreement which it is admitted by him, he made.—1 *Madd. Ch. Pr.* 293. *Ib.* 301. 2. That if the award is valid, the defendant is bound by it—if for any reason it could be set aside, still the injunction ought to have been continued, and the case retained

in order to ascertain to what compensation the defendant was entitled. 3. The injunction was in part, to prevent the defendant from diverting the water from complainant's mill; if he had a right to change the direction of the water from its then course, he could only return it to its original course.

Johnson, for the appellee.

There has been no part performance of the agreement between complainant and defendant. The performance was of the prior contract with the tenant for life; the contract set up in the bill, is, that the defendant should convey to complainant, a right in fee to the ditch. The answer only admits, that upon certain terms, complainant might use the ditch, and the case being set down upon bill and answer, the allegations of the answer, are all to be taken as true. But the agreement, whatever may be its terms, relating to an interest in land, is within the statute of frauds, and not being in writing is void. Hays vs. Richardson, 1 Gill and Johns. 382. Heulins vs. Shippam, 5 Barn. and Cres. 221. The agreement to refer to arbitration is of the same character, and therefore does not take the case out of the statute. Cooth vs. Jackson, 6 Ves. Jr. 17.

There has been no acquiescence on the part of the defendant, to preclude his availing himself of the statute. The answer shows, that the moment his title accrued, he informed complainant, that the ditch must be obstructed, or compensation made. Nothing done prior to the agreement can avoid the statute.—Boardman vs. Mostyn, 6 Ves. Jr. 470. 1 Madd. Ch. Pr. 301. The continuance of a possession previously acquired is no part performance. Wills vs. Stradling, 3 Ves. 378. Buckmaster vs. Harrop, 13 Ib. 474. Philips vs. Thompson, 1 Johns. Ch. C. 149. Jer. Eq. 437. As there are no acts of part performance alleged in the bill, the answer could not deny them—a plea of the statute would of itself have been sufficient. The complainant was not entitled to a modified injunction, because he does not allege, that the natural course of the

stream would be changed by obstructing the ditch; but if the bill had alleged it, as the case is set down on the bill and answer, there must be some such admission in the answer, or it will not avail him.

BUCHANAN, Ch. J., delivered the opinion of the court. We can discover nothing in the record, to warrant a decree for the relief sought in the bill. The ditch, for the preservation of which, the aid of Chancery is invoked, was made by the permission of a tenant for life, then in possession, through the land of the defendant, the remainder-man, without (for any thing that appears) his sanction or authority. The ditch, morever, was exclusively for the convenience and benefit of the complainant, and the assent of the tenant for life to the making of it, appears to have been given without consideration. It was a mere naked license to the complainant, for his exclusive accommodation, voluntarily given by the tenant for life. The tenant for life, died in July, 1825, and in October of the same year, the remainder-man who had then taken possession, informed the complainant, that his land was injured by the ditch, and that he must make him some compensation, or he would be obliged to obstuct it. There was no acquiescence therefore, by the defendant, in what had been done prejudicial to the complainant, or affording him any ground of complaint; or of a character to give him any standing in a Court of Equity. At most, it was but an acquiescence for a month or two, in the enjoyment by the complainant, of an easement over the defendant's land, for the exclusive accommodation of the complainant, and to the prejudice of the defendant, and is wholly unlike the case of a remainder-man, who continues to receive the rent, and lies by, and with notice, suffers the lessee to rebuild, &c. to the improvement of the estate, and to the injury of the lessee, if evicted. The ground upon which Chancery interposes its aid, in the case of a clear part performance of a verbal agreement, is, that to withhold relief, would be to suffer a party seeking

to shelter himself under the statute of frauds, himself to commit fraud. But what fraud was there here, in merely suffering the complainant to enjoy an easement erected for his own benefit, on the land of the defendant, and to his prejudice, and that too, without any consideration? With respect to the alleged agreement by the defendant, to secure to the complainant and his heirs, the privilege of conveying the water to his mill through the ditch, on his paying to him as a consideration therefor, such sum as should be adjudged by arbitrators appointed by them, it is admitted by the answer; but it was a verbal agreement, and the statute of frauds is insisted upon, and nothing has been done to entitle the complainant to a decree for a specific performance.

The ditch was not made in pursuance, or upon the faith of that agreement, but was dug long before, by the permission of the tenant for life, without the sanction of the defendant, who had not then come into the possession of the land. It was not an improvement by which the value of the land was advanced, but directly the reverse, and the defendant has derived no benefit or advantage from it. The complainant has paid no money upon the agreement, nor been put to any costs or expense in consequence of, or upon the faith of it. There has been no part performance, nor any act done by him in part execution of it, from which he could suffer an injury, by the refusal of the defendant to execute it on his part. All he did, the making of the ditch, was done before the agreement, and not resulting from it. It was in reference to what had been already done, that the agreement was entered into, and what he had to do, to entitle himself to the beneficial enjoyment of it, was the payment of the sum determined on by the umpire as a sufficient consideration, which he might have declined doing, if he had seen fit; and the refusal by the defendant to accept it and fulfil his engagement, gives him no ground to stand upon, in the face of the statute of frauds.

It is the mere case of a verbal agreement within the statute of frauds in relation to an interest in land, which the defendant refuses to fulfil, relying upon the statute ; without any part performance by the complainant or other act done, for his claim to the interposition of Chancery to lean upon. The leaving of it to others to say, what would be a sufficient consideration for the privilege of continuing to convey the water by means of the ditch, through the defendant's land, does not distinguish it from any other verbal agreement; and the circumstance alone, that the umpire determinded on a sum, that he supposed would be a sufficient consideration, cannot have the effect to take it out of the statute; and notwithstanding the defendant in his answer, admits the agreement, yet as he insists on the statute, he is entitled to the benefit of it.

DECREE AFFIRMED.