(Decided 12th January, 1875.)

---

# SALATHIEL O. COLE *vs.* JOSEPH ALFRED COLE, and DORCAS, his Wife.

### *Specific Execution of an Agreement.*

A. having purchased a parcel of land, borrowed of B. a part of the purchase money, it being verbally agreed between the parties, that the money advanced should be secured by a mortgage on the property. At the time of the execution of the deed to A. he gave a note for a part of the money advanced, which was to stand as evidence of the same, until the mortgage could be executed. Having secured title to the land, A. refused to execute the mortgage agreed upon, and conveyed the property to his wife, she having notice of the agreement. According to the agreement, the mortgage was to provide for the payment of the money advanced, within six years from the 20th of August, 1869, the date of the execution of the deed to A. A bill was filed by B. praying that the deed from A. to his wife, might be vacated and the land sold to satisfy the claim of the complainant; or that A. might be compelled to execute the mortgage to secure its payment. The Statute of Frauds was not pleaded by the respondents. HELD:

1st. That the giving of the note, under the circumstances, did not destroy the right of the complainant to have the mortgage executed.

2nd. That A. was bound in equity and good conscience to perform his part of the agreement; and his interest in the property must be held answerable therefor, to the same extent as if the mortgage had been given according to the agreement; and the Statute of Frauds, if it had been pleaded, would have presented no obstacle to the enforcement of this equitable principle.

3rd. That as the time limited for the payment of the money, had nearly expired, the execution of the mortgage might be dispensed with, A. to have the benefit of the stay of payment until the claim should mature; but the property, or so much thereof as might be necessary, should be decreed to be sold for the payment of the claim of the complainant, unless the same was paid by the time specified.

APPEAL from the Circuit Court for Baltimore County, in Equity.

This was an appeal from a decree of the Court below, dissolving an injunction which had been previously issued on a bill filed by the appellant, to restrain the appellees from selling or disposing of the property in the proceedings mentioned, and dismissing the bill. The case is further stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER, and ALVEY, J.

*John T. B. Dorsey* and *Levin Gale*, for the appellant.

*John T. Ensor* and *J. Frederick C. Talbot*, for the appellees.

STEWART, J., delivered the opinion of the Court.

The bill alleges that the complainant advanced $1018 for the appellee, J. Alfred Cole, towards the payment of the purchase money for the lands mentioned in the proceedings, before the execution of the deed to him; and the sum of $260 subsequent thereto.

That it was agreed between Salathiel O. Cole, the complainant, and the appellee, Joseph Alfred Cole, to whom the property was conveyed, that a mortgage should be executed to secure the re-payment of the moneys advanced.

That after the appellee had acquired the title by deed, he refused to make the mortgage, and for the purpose of

defrauding the complainant, did, on the 9th of August, 1872, convey to his wife Dorcas Cole, one of the appellees, all his right and interest in the property.

The bill prays that the deed from Joseph Alfred Cole to his wife may be vacated, and the land sold to satisfy the claim of the complainant; or that the said Cole may be compelled to execute a mortgage to secure its payment, and to have such other relief as the case required.

The appellees do not by their answer specially deny the allegations of the bill; nor rely upon the Statute of Frauds, but set up other defenses against the relief sought.

The proof in the cause, which has been carefully examined, abundantly shows that the complainant did advance for Joseph Alfred Cole, at the time of the execution of the deed from Mordecai Ensor to him, the sum of one thousand and eighteen dollars, part of the consideration thereof, and that without this money the deed would not have been executed.

It is further proved that the complainant afterwards advanced the sum of two hundred and sixty dollars to Joseph Alfred Cole, and from all the circumstances it may fairly be inferred that this amount was intended to be secured in the same way as the former advance.

The proof shows further, that it was agreed between the parties, that a mortgage of the lands in question should be executed by Joseph Alfred Cole, to secure the complainant for his advances of money. It was further proved that a note was given at the time of the execution of the deed to stand as evidence of the advance at that time, until a mortgage could be executed. The giving of this note, under the circumstances, did not destroy the right of the complainant to have the mortgage executed. Joseph Alfred Cole having obtained the said advance upon the agreement to execute a mortgage upon the land to secure the repayment, is bound in equity and good conscience to performance on his part; and his interest in the property

must be held answerable for the same, to the same extent as if the mortgage had been given, according to the agreement. A Court of Equity will hold him liable, and consider that as done which ought to have been done.

There is nothing in the Statute of Frauds, if it had been pleaded, in conflict with this equitable principle.

That Statute was enacted to provide as far as possible against the perpetration of frauds; and Courts of Equity never allow its provisions to be perverted and made instrumental in the accomplishment of fraud. They decree the specific execution of agreements where there has been a performance on the one side, because the refusal to perform on the other side is a fraud; and they will not permit the Statute designed to prevent fraud to be made an engine of fraud. *Md. Sav. Inst. vs. Schroeder,* 8 *G. & J.,* 93; *Hamilton vs. Jones,* 3 *G. & J.,* 127; *Artz & wife vs. Grove,* 21 *Md,* 456; *Moale vs. Buchanan,* 11 *G. & J.,* 314.

It was further proved that Dorcas Cole, the wife of Joseph Alfred Cole, had notice of this equitable demand of the complainant, and therefore any right she acquired thereafter, under the deed from her husband, must be held subject thereto.

The principles of equity require that the deed to her should be vacated so far as it interferes with the equitable right of the complainant.

It seems from the proof that according to the agreement the mortgage was to provide for the payment of the money advanced within six years from the execution of the deed conveying the land to Joseph Alfred Cole; that bears date the 20th of August, 1869, and the debt would be payable by the 20th of August, 1875. The time limited will soon expire, and the execution of the mortgage specifically may be dispensed with; the appellee, Joseph Alfred Cole, to have the benefit of the stay of payment until the claim would mature; but the property must be decreed to be sold for the payment of the claim of the complainant, unless the same be paid by the time specified.

The decree of the Circuit Court must be reversed, and that Court will decree, that unless the amount due to complainant shall be paid with the interest thereon, on or before the 20th of August, 1875, the property in the proceedings mentioned, or so much thereof as may be necessary, shall be sold for the payment thereof, free from all claim of the appellees, Joseph Alfred Cole and Dorcas Cole, his wife.

The cause will be remanded in pursuance of the provisions of the 28th sec. of Art. 5 of the Code, in order that it may be disposed of by the Circuit Court, in conformity with these views.

*Decree reversed, and*
*cause remanded.*

(Decided 15th January, 1875.)