## C. E. MURPHREE *v.* H. W. COUNTISS.

VENDOR'S LIEN. *Equitable assignment. Case in judgment.*

N. sold a tract of land to M., and delivered to him a written agreement to convey the title upon payment of the purchase-money, which was to be paid at the end of a year from that date. No promissory note for the purchase-

money was given, but M. took possession of the land. When pressed for payment of the purchase-money, M. applied to C. to aid him. A conference was had between M., C., and N., and it was verbally agreed that C. should pay N. the debt for the land; that M. should execute his note for the money thus paid by C., directly to the latter; and that N. should convey the title of the land to M., who should then execute a deed of trust on the land to secure the note given to C. C. and N. performed their respective parts of the tripartite agreement: the former by paying the purchase-money to C., and the latter by conveying to M. the title to the land; and M. gave his note, too, as he had agreed to do, but refused to execute the deed of trust to secure it. M. having failed to pay his note at maturity, and being insolvent, C. filed a bill against him to subject the land to the payment of the amount due on the note. *Held,* that, by the transactions above recited, C. acquired an equitable lien on the land for the payment of M.'s note, and is entitled to enforce the same against M. or his grantee with notice. *Skaggs* v. *Nelson,* 25 Miss. 83, distinguished.

APPEAL from the Chancery Court of Calhoun County.

Hon. J. B. MORGAN, Chancellor.

The case is stated in the opinion of the court.

*J. B. H. Hemingway,* for the appellant.

If the complainant is seeking relief by virtue of his rights as assignee of Mrs. Newberger's claim against the defendant, his case cannot be maintained. In the first place, there was no assignment to Countiss of any such claim, and no intention to make such assignment; and there was no claim to be assigned. The only evidence of Murphree's indebtedness was contained in the obligation held by himself against Countiss. There was no attempt by Newberger to assign the debt, and there certainly is no evidence of any assignment.

But the statements of the bill show clearly that it was not intended that Countiss should acquire the vendor's lien, or any of the rights of the vendor; but, on the contrary, the allegations show that Countiss advanced the money to Murphree "to aid him" in paying off the purchase-money due on the land, and that the contract required that Mrs. Newberger should convey to Murphree the title to the land, in order that the latter might give a deed of trust to secure his note made to Countiss. This is not a case where the legal title has been retained by the vendor of land, who afterwards assigns the debt to a third person. If such had been the transaction, the

assignor would have been precluded from doing any act to defeat the rights of the assignee; and the assignee, in such case, would have taken the debt, relying upon the law to protect him with the vendor's lien.   But in this case Countiss loaned the money to Murphree and took his note, as the bill alleges, relying upon his honesty and integrity to perform his promise to give a deed of trust to secure the note.   There was clearly no assignment, or attempt at assignment, of Murphree's debt to Countiss; but, on the contrary, the facts alleged show an altogether different and inconsistent purpose.

If, however, the complainant should rest his right to relief upon the theory that he was the real vendor, though not the grantor, of the land, I answer, in the language of Judge Yerger in *Skaggs* v. *Nelson*, 25 Miss. 88, that "the true statement of the case shows that the relation of vendor and vendee never existed between the parties."   "This lien does not arise in favor of a third person who pays the purchase-money to the vendor for the purchaser and takes his note for the same."   2 Washb. on Real Prop. 92.

*J. B. H. Hemingway* also made an oral argument.

*L. Brame*, for the appellee.

The facts alleged in the bill, which are admitted by the demurrer, show that Countiss is clearly entitled to enforce a lien on the land.   *Russell* v. *Watt*, 41 Miss. 602; *Perkins* v. *Gibson*, 51 Miss. 699; *Anderson* v. *Spencer*, 51 Miss. 869; *Rutland* v. *Brister*, 53 Miss. 683; *Hobson* v. *Edwards*, 57 Miss. 128; *Pinchain* v. *Collard*, 13 Texas, 333.   The case of *Skaggs* v. *Nelson*, 25 Miss. 88, chiefly relied on by counsel for appellant, was decided prior to any of the cases above cited, in this State, and the distinction between a grantor and vendor was not urged by counsel nor considered by the court.   Besides, this case differs from that in a very important particular. There, it was alleged that the purchase-money due the vendor had been *paid;* the claim had been liquidated, satisfied.   Here, the claim which Murphree owed Mrs. Newberger for the land was never paid; it was not discharged.   On the contrary, the

bill alleges that it was transferred to complainant in consideration of, and in exchange for, the Milstead land and notes, and the defendant yet owes it.

It is true, Murphree had never executed his note to Mrs. Newberger, but he owed the debt. He was in possession under an agreement of purchase. There certainly was a claim for the purchase-money, which, by the agreement of all the parties, was to go to Countiss; and this agreement was made and the note executed to Countiss before the title was conveyed to the purchaser. The fact that Murphree applied to complainant " to aid him " in paying the purchase-money was a mere matter of inducement, that might have been omitted in stating the case upon which relief is asked. That application occurred at the outset, when Mrs. Newberger had tendered the deed and defendant could not pay. It was merely the occasion by which the parties were brought together to make the arrangement out of which the claim for relief grew.

If the complainant cannot be considered a vendor as to the purchase-money of the land, he is an assignee. " The assignee of a claim for the purchase-money of land may enforce the vendor's lien as the vendor could." Code 1880, sect. 1124. This is a remedial statute, and is to be liberally construed. There is nothing in it to indicate that it would not apply to existing cases. The bill was filed after the statute went into effect. *Green* v. *Anderson,* 39 Miss. 359.

*L. Brame* made an oral argument also.

CHALMERS, C. J., delivered the opinion of the court.

Mrs. Newberger sold to defendant, Murphree, a tract of land in Calhoun County, delivering to him an executory agreement, in writing, to make title upon the payment of the purchase-money, $1,200. No note for the purchase-money was executed, but Murphree held possession of the land. When called upon to pay, Murphree applied to complainant, Countiss, to aid him. At a conference held between Murphree, Countiss, and Mrs. Newberger's agent, it was agreed that the latter should receive

from Countiss as cash certain securities owned by him; that Murphree should execute his note for the purchase-money of the land directly to Countiss; that Mrs. Newberger, having received the securities turned over by Countiss in full of her demands on the land, should execute a deed to Murphree, who should in turn execute a trust-deed to Countiss to secure the note given to him.

This agreement was carried out, except as to the execution of the trust-deed by Murphree; that is to say, Countiss delivered the securities to Mrs. Newberger, and received at the same time from Murphree a note representing the amount due on the land. A few weeks afterwards Mrs. Newberger, through her agent, delivered to Murphree a deed to the land acknowledging receipt of payment; but the latter, having thus obtained all the benefits of the arrangement, refused to execute the trust-deed, and is personally insolvent.

Such are the allegations of the bill, which is filed for the purpose of subjecting the land to the payment of the note, and to which a demurrer is interposed.

It is insisted by the demurrant that the bill is an attempt by the lender of money to fasten a lien upon land on the ground that with his money the title has been procured; and that this cannot be done, is settled by the case of *Skaggs* v. *Nelson*, 25 Miss. 88, even where it has been so agreed between the parties. That decision was based upon two grounds: First, that the vendor of the land, who received his money in full *eo instanti* with the delivery of the deed, could not be said to have ever had a lien; and, second, that if he did, such lien is not assignable.

But the case at bar is distinguishable from that cited, in the fact that here there was a previously existing executory contract to convey, under which the vendee held possession. It stood, therefore, upon the footing of a sale by title-bond, and in such case the lien of the vendor is assignable. True, no note was delivered at the date when the executory agreement was entered into and possession taken; but it was delivered,

not to the vendor, but to the equitable assignee of the vendor, before the execution of the deed. Between the time of the execution of the note to Countiss and the reception of the deed by Murphree, the latter held the land under a title-bond, or its equivalent, owing a note for the purchase-price, which by agreement of all the parties had been made payable to Countiss, the assignee of the vendor. Such a lien, being assignable, will not be defeated by a subsequent reception of a deed, so long as the land remains in the hands of the vendee or his grantees with notice. Not only is the lien assignable, but if, after the note in this case was executed to Countiss, Mrs. Newberger had without his consent delivered the deed to Murphree, she would be personally liable to Countiss for defeating that lien, if it had been defeated by the sale of the land to an innocent purchaser. *Cummings* v. *Oglesby*, 50 Miss. 153.

Affirmed, and sixty days to answer given.