Joseph Boucek (Complainant), Appellee, v. Bessie F. Pondelicek et al., Defendants. Bessie F. Pondelicek, Appellant.

Gen. No. 34,271.

60

Heard in the second division of this court for the first district at the April term, 1930. Opinion filed October 14, 1930.

E. R. ELLIOTT and JOHN L. ROBINSON, for appellant.

DAVID K. TONE and HENRY POLLENZ, for appellee.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

Joseph Boucek, appellee, filed his bill to impress certain property in Wilmette, Cook county, Illinois, with an equitable mortgage and to foreclose the same. James W. Pondelicek, Bessie F. Pondelicek et al. were made parties defendant. During the pendency of the

litigation James W. Pondelicek died and the administratrix of his estate, Bessie F. Pondelicek, was made an additional party defendant, but the bill was thereafter dismissed as to the administratrix. Subsequently certain additional parties, not necessary to name, were made parties defendant. The case was tried before the chancellor and a decree was entered that found that complainant had an equitable lien upon the land to the extent of his claim, superior to the rights of all of the defendants, and ordered the premises sold, if the amount found to be due complainant was not paid him within 30 days. Bessie F. Pondelicek is the sole appellant.

Appellant states that "there was but little dispute between the parties regarding the facts, most of which were stipulated to in open court at the trial, and the controversy was really almost entirely upon the legal principles involved, and as to whether or not the complainant was entitled to any relief in view of the facts admitted and proved at the trial." The material facts are plain and undisputed. In February, 1922, James W. Pondelicek, the then husband of appellant, had contracted to purchase a vacant lot in Wilmette. He required $2,000 to complete the purchase and asked complainant to advance him that amount in order that he might consummate the deal, and he promised complainant that if the latter would advance to him that sum he would, upon acquiring title to the property, give him a note for $2,000 and a mortgage on the property to secure the same, the note to be payable in five years with interest at 5½ per cent per annum. In consideration of the promises and agreements of Pondelicek, complainant gave him $2,000 and received from him his note for $2,000, dated February 1, 1922, and payable in five years, with interest thereon. On February 15, 1922, after the receipt of the $2,000, the purchase of the land was consummated, Pondelicek and appellant

taking title as joint tenants. Pondelicek applied the $2,000 in the purchase of the land. Thereafter complainant made numerous demands upon the Pondeliceks to execute and deliver to him the trust deed or mortgage upon the premises in question. Pondelicek was at all times apparently willing to carry out his agreement, but appellant, who was entirely familiar with the agreement between complainant and her husband from the time of the making of the same, refused to sign the necessary trust deed or mortgage. In 1925 divorce proceedings were pending between the Pondeliceks and in a written agreement dated August 11, 1925, they settled their property rights. In this instrument they acknowledged the indebtedness to complainant, and appellant, in consideration of Pondelicek quitclaiming to her all interest in the real estate in question, which they valued at $11,000, the payment by him to her of $50 per week as alimony for the maintenance of herself and minor child, and the payment by him to her of $2,000, agreed that she "will make a new arrangement with reference to said $2,000 indebtedness due, whereby a mortgage can be made secured by said Wilmette real estate, to take care of said note." On August 19, 1925, a consent decree was entered in the divorce proceedings. It recited, *inter alia,* that the parties had adjusted their respective property rights and that Pondelicek had conveyed to his wife by quitclaim deed all his title and interest in the property in question, valued at $11,000; "that the defendant has heretofore borrowed the sum of $2,000 on a judgment note from one Joseph Boucek, due in approximately one year from this date, said moneys having been used to make the initial payment on the purchase price of said lot, and that the complainant agrees to assume said indebtedness and to secure the said Joseph Boucek, either by giving him a mortgage on said real estate, or by negotiating a new loan and paying said indebtedness;

. . . The court finds . . . that said arrangements are equitable, accordingly it is so ordered, adjudged and decreed.'' The decree was approved in writing by the Pondeliceks and their respective solicitors. On November 6, 1925, appellant filed a sworn petition in the divorce proceedings in which she stated that complainant had a first lien on the property in question, and that by the provisions of the decree she agreed to give a mortgage on the premises or to negotiate a new loan on the same for the purpose of paying the $2,000 indebtedness. After the commencement of the present proceedings defendant conveyed the property by quitclaim deed to her sister.

It has been held in a number of cases that where one advances money for the purpose of buying a specific tract of land, on the oral promise of the borrower to secure its repayment by a mortgage upon the property when title thereto is obtained, and, after the conveyance has been procured by the use of the money, the borrower refuses to execute the mortgage, equity will regard that as done which the borrower agreed should be done, and which ought to be done, and will treat the transaction as creating an equitable mortgage upon the land in favor of the lender. (See *Grigaitis v. Gaidauskis,* 214 Ill. App. 111, and cases therein cited; *Foster Lumber Co. v. Harlan County Bank,* 71 Kan. 158; *Cole v. Cole,* 41 Md. 301; *Murphree v. Countiss,* 58 Miss. 712; *Sprague v. Cochran,* 144 N. Y. 104; *Hughes v. Mullaney,* 92 Minn. 485; *Williams v. Rice,* 60 Mich. 102; *Floyd v. Hammond* (Tex. Comm. App.), 268 S. W. 146.) In *Cole v. Cole, supra,* it was held that there was nothing in the statute of frauds, if pleaded, to prevent the application of this equitable principle, since courts of equity would not allow its provisions to be perverted and made instrumental in the accomplishment of fraud, but would decree a specific execution of agreements where there had been a performance on the

one side, as the refusal to perform on the other side would amount to a fraud. In *Foster Lumber Co. v. Harlan County Bank, supra,* the court, in arriving at the same conclusion, stated that they would not permit the Statute of Frauds, designed to prevent fraud, to be made an engine of fraud. (See also *Sprague v. Cochran, supra.*) ''The statute. of frauds . . . is designed to prevent fraud but not to prevent the exercise of equitable jurisdiction by a court of equity for the enforcement of an oral contract, where failure to do so would amount to a fraud upon such promisee.'' (*Mayo v. Mayo,* 302 Ill. 584, 589.)

Appellant pleaded the statute of frauds and now argues that because of it the present proceedings are barred as against her. She concedes, apparently, that the general rule is that the statute cannot be interposed as a defense where the contract is fully performed on the part of a plaintiff and that that rule would prevent her former husband, if he were alive, from interposing the defense of the statute, but she argues that complainant ''is seeking to enforce against her a contract made, not with her, but with the deceased husband; hence, the rule that the statute of frauds does not apply where the contract is fully completed on one side has no bearing on this case. Since Boucek. never had a contract with Mrs. Pondelicek, it cannot be said that he fully performed any contract on his part, thus to take the case out of the statute of frauds.'' At the time of the transaction between complainant and James W. Pondelicek, appellant was the wife of the latter and she was fully cognizant of the agreement between Boucek and her husband, and she took title, with her husband, to the premises knowing that complainant had advanced the $2,000 and that the same was used in the purchase of the property, and that complainant was entitled, under the agreement, to a mortgage upon the property. After signing the

agreement of August 11, 1925, and the consent decree of August 19, 1925, in both of which complainant's right to a first lien upon the premises was affirmed, she acquired the quitclaim deed from her husband upon her agreement to give complainant a mortgage on the premises ''or by negotiating a new loan and paying said indebtedness.'' In her verified petition to the court, on November 6, 1925, she stated that she had promised to give to complainant a mortgage on the premises and that he had a first lien against the same. In the very short testimony given by her upon the trial, she conceded, in effect, that by the terms of the agreement between herself and her then husband, and also by the provisions in the decree in the divorce case, she was to negotiate or arrange for a loan on the Wilmette lot to secure complainant for the $2,000 he advanced to her husband, and she gave as an excuse for her failure to do so that by the terms of the agreement she was given a year in which to carry out this obligation and that the present suit was started before the expiration of that period. Even this excuse was a pretense, as it appears that the present proceedings were not started until May 3, 1927. As has been well said, equity will never allow the provisions of the statute of frauds to be perverted and made instrumental in the accomplishment of fraud. Under all the facts and circumstances of this case it may be fairly said that appellant stands in the shoes of James W. Pondelicek. A like contention to the instant one raised by appellant was made in *Cole v. Cole, supra,* and it was there held: ''And it being proved that the borrower's wife, who was made a party defendant, had notice of the complainant's equitable defense at the time the property was conveyed to her by her husband, any rights she acquired therein must be held subject to that of the complainant, and the deed to her should be vacated so far as it interfered with the complainant's equitable rights.'' The record in

this proceeding presents several equitable reasons why appellant should not be allowed to interpose the statute that were not present in the Maryland case. In *Foster Lumber Co. v. Harlan County Bank, supra,* it was held that the lender's equitable mortgage would be given precedence over a mortgage on the land taken by a party who had notice of rights of the lender. The decree in the present proceeding provides merely for a foreclosure. In other words, complainant looks solely to the land and does not seek to hold appellant personally liable for the debt.

It appears from the property settlement between the Pondeliceks that Pondelicek agreed to pay appellant $2,000 within a certain period and that he did not carry out this part of the agreement, and appellant contends that if Pondelicek were living and were to bring an action against her to force her to pay Boucek the amount due him or to give him a mortgage on the Wilmette property, such action would be defeated because Pondelicek had not paid the $2,000 to her, and appellant argues, as we understand it, that complainant for the same reason is also barred from relief in the present proceeding. It is a sufficient answer to this contention to say that the right of complainant to relief does not depend upon his ability to prove that Pondelicek lived up to his agreements in the matter of the property settlement with his wife.

Appellant contends that complainant is not entitled to relief because it appears "that he has exercised and asserted his remedy at law when he filed and procured the allowance of his claim against the estate of Mr. Pondelicek as he admits having done." It is a sufficient answer to this contention to state that the proof shows that complainant merely filed a claim against the said estate. There is no evidence that the same was ever allowed or even pressed. However, if the claim had been allowed, but not collected, that fact

would not bar complainant from relief in the present proceeding.

Appellant contends that the present proceeding is barred by the five-year statute of limitations, but she will not be heard to raise the point in this court, as it appears from the record that such a defense was not raised by plea, answer or demurrer in the trial court.

Appellant contends that the decree is improper as to defendant Hynous in that it finds that the lien of the trust deed made to said defendant is inferior to the lien of complainant. That defendant has not appealed from the decree and it is unnecessary to cite authorities to the effect that a party cannot assign error upon a part of the decree which in no wise affects him.

One of the points made in appellant's brief is that "when a note is sued on and reduced to judgment, the note is extinguished by the judgment," but this point is not argued and we would be justified in disregarding the same. However, we assume that the point is intended to apply to the fact that complainant, prior to the commencement of the present proceedings, had taken judgment upon the $2,000 note. It is admitted that this judgment has not been satisfied, and the law is that a judgment on a note, without satisfaction, is no bar to a proceeding in equity to foreclose.

The equities are all with complainant and it would be against good conscience to allow the defense of the defendant to prevail. The decree of the circuit court of Cook county is affirmed.

*Affirmed.*

GRIDLEY and BARNES, JJ., concur.