Clarence E. Bachellor and Thomas E. Robinson, Appellees, v. Albert Dockterman et al., Appellants.

Gen. No. 9,203.

Heard in this court at the May term, 1937. Opinion filed September 9, 1937.

RAY I. KLINGBIEL, of East Moline, for appellant Albert Dockterman.

HERMAN H. RIMMERMAN, of Rock Island, for appellant Milo Dockterman.

BEN A. STEWART, of Chicago, for appellant I. C. Gellman; BEN A. STEWART, of counsel.

MURPHY & MURPHY, of Rock Island, for appellees.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

Appellees were judgment creditors of Albert Dockterman pursuant to a judgment recovered on June 12, 1933, in the circuit court of Whiteside county. A transcript of this judgment was filed in the office of the clerk of the circuit court of Rock Island county, during the same month. On June 1, 1933, Dockterman conveyed to appellant Gellman lot 28 in Exposition Park addition to the city of Rock Island. On October 4, 1934, Gellman conveyed this lot to Milo Dockterman,

who subsequently executed a contract for sale of the premises to Frank Zarub.

On October 30, 1934, appellees brought a suit in the circuit court of Rock Island county, designated as case No. 14,258, against Albert Dockterman, Anna Taxman, Gellman and others, to set aside deeds to certain tracts of land, including said lot 28, on the grounds that the same were fraudulent and made with the intent and for the purpose of defrauding appellees of their judgment and thereby hindering and preventing them from reaching said lands by legal process. To this complaint Gellman filed his answer, setting up that the deed for lot 28 was taken to secure indebtedness due him from Albert Dockterman, denying all fraud and collusion charged, together with other allegations going toward the establishment of his rights in said lot.

While the above suit was pending, appellees brought a second suit in the same court, directed only toward lot 28, praying for the same relief with respect to said lot, as in the first suit. In this second suit, Gellman was not made a party defendant. The second suit was referred to the master, who reported in favor of appellees. Objections to the report were overruled by the master. Subsequently, Gellman filed his verified petition in the trial court for leave to be made a party defendant to the second suit, setting up that the subject matter of both the first and second suits with respect to lot 28 was the same; that the judgment indebtedness upon which relief was being sought was the same; and that he had filed an answer to the first suit which was then pending and undetermined. He set up the indebtedness due him by Albert Dockterman in the sum of $7,350, with failure to pay; the conveyance of lot 28 on June 1, 1933, because of said indebtedness; that the lot was then subject to a mortgage of $2,000, and taxes and special assessments in the approximate sum

of $200; that after taking the deed to the lot, he discharged the mortgage indebtedness by a compromise settlement, and paid the delinquent taxes; that the lot is improved by a frame dwelling worth about $1,500; that he subsequently conveyed the lot to Milo Dockterman for that sum of money, upon which purchase price he had received $100 upon the principal and $45 on account of interest; that he received no security for the payment of the purchase price from the said Milo Dockterman. He further set up his claim to the right to a lien thereon for the unpaid purchase price; and further his right to be subrogated to the holder of the mortgage indebtedness which he had discharged. The court denied appellant leave to be made a party defendant to this proceeding, and entered a decree in favor of appellees with respect to lot 28, holding that the deed from Albert Dockterman to Gellman, the deed from Gellman to Milo Dockterman, and the contract of sale from Milo Dockterman to Frank Zarub, should all be set aside, vacated and held as null and void as to appellees' rights as judgment creditors of Albert Dockterman. Whereupon, Albert Dockterman, Milo Dockterman, and Gellman have prosecuted this appeal.

A party intervening must show that he has a substantial interest in the subject matter of the suit, and of such a character that his rights will be directly affected by the decree entered. He takes the suit as he finds it, and may not insist upon a change in the issues. It appears that Gellman claims the transactions were bona fide and not fraudulent. This was the subject matter of the litigation. Gellman being charged with fraud and collusion in the transfers of property in which he claims a beneficial interest, it is thus apparent that his becoming a party to the suit would have in no way resulted in changing the issues between the parties or in raising new issues. Persons claiming a

substantial legal or beneficial interest in the subject matter of a suit in equity, when such rights will be materially affected by the decree, should be made parties. *Schumacker v. Klitzing,* 353 Ill. 530, 532; *Gaumer v. Snedeker,* 330 Ill. 511, 515; *Riley v. Webb,* 272 Ill. 537; *Cowan v. Kane,* 211 Ill. 572, 577. A full and complete determination of this case cannot be had without a finding on the question of fraud and collusion between Albert Dockterman and Gellman, and between Gellman and Milo Dockterman, with reference to the deeds. His rights as claimed appear to be so involved in this proceeding, that a final determination thereof must affect them.

The question is, not whether his rights are such as to prevail—this question can only be determined by a hearing upon the merits. All that can be determined in this appeal is whether Gellman has shown by his petition such an interest in the subject matter of the litigation as to entitle him to the right to intervene.

In equity, although no one is entitled to be made or become a party to a suit who has not an interest in its object, yet it is the usual and better practice to permit strangers to the litigation who claim an interest in the subject matter, to intervene and assert their titles on their own behalf. This is especially true where it appears that a decree cannot be rendered without affecting such person's rights as claimed. Under such circumstances it is proper to permit such person to intervene in order that all questions may be finally determined and an effective decree rendered.

Gellman cannot be considered a mere interloper or intermeddler. He claims a substantial interest in the litigation. The deeds sought to be set aside affect property in which he asserts an equitable interest, growing out of the conveyances sought to be set aside. Under such circumstances, he should have been permitted to intervene and become a party defendant and heard on

the merits. *Wightman v. Evanston Yaryan Co.,* 217 Ill. 371, 377; *Shannahan v. Stevens,* 139 Ill. 428; *Hartzell v. Hungate,* 223 Ill. App. 346, 350; Ill. State Bar Stats. 1935, ch. 110, ¶ 153; Jones Ill. Stats. Ann. 104.025 (sec. 149, ch. 110, Smith-Hurd 1935).

For the reasons above assigned the decree herein is reversed and the cause remanded.

*Reversed and remanded.*