Petrina Baker, Appellant, v. George Baker, Defendant-Appellee, Elizabeth M. Baker, and Fred J. Baker, Intervenors, Appellees.

Gen. No. 46,434.

First District, Second Division.
June 28, 1955.
Released for publication September 13, 1955.

Joseph Lustfield, of Chicago, for appellant.

Greenstein & Solotke, and Harry C. Diamond, all of Chicago, for appellees; Harry S. Greenstein, and Laurence M. Fine, both of Chicago, of counsel.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff sued defendant for divorce, charging cruelty, and in her complaint sought partition of property held in joint tenancy. Defendant answered, denying the substantial averments of the complaint. Elizabeth M. Baker and Fred J. Baker, sister and brother of defendant, intervened, averring that they had advanced $15,000 of the $16,000 paid for the property, upon the promise of Petrina and George Baker that they would execute a note and mortgage for the amount of the loan. Defendant admitted and plaintiff denied the averments of the petition.

The trial court heard the evidence and upon the issue of divorce held that the evidence was not sufficient to sustain plaintiff's case. On the issue presented by the intervening petition the court found for the intervenors and ordered plaintiff and defendant to execute a note and trust deed covering the amount of the loan and upon their failure to do so a master in chancery was directed to execute the note and trust deed for them. A decree was entered accordingly, and plaintiff has appealed.

 In support of the grounds for divorce charged in her complaint plaintiff testified to a number of acts of cruelty committed by defendant. These were supported in part by her daughter and son-in-law. Defendant, on the other hand, categorically denied them. A sharp issue of fact was thus presented to the court. While it is true, as contended by plaintiff, that the degree of proof required in a divorce case is no more than a preponderance of the evidence (Teal v. Teal, 324 Ill. 207; Lenning v. Lenning, 176 Ill. 180), this court will not reverse unless the finding of the trial court is against the *manifest weight* of the evidence. Kinnah v. Kinnah, 184 Ill. 284; Floyd v. Estate of Smith, 320 Ill. App. 171; In re Will of Gleeson, 1 Ill.App.2d 409; Flug v. Craft Mfg. Co., 3 Ill.App.2d 56. Particularly is this true in a divorce case where, as here, the corroborating witnesses were relatives. We will not disturb the finding of the trial court in this respect.

██ The intervention proceeding presents a more complicated issue. Plaintiff contends that a party seeking to intervene in a cause must show that he has a substantial interest in the subject matter of the suit. Here, plaintiff sought a partition of property held in joint tenancy with her husband which, if allowed, would result in a sale of the property free and clear of any rights the intervenors might have had. The right to intervene is generally within the discretion of

the court. In re Belleville Bank & Trust Co., 302 Ill. App. 359 (1939). That discretion is not disturbed unless abused. Strader v. Board of Education of Community Unit School Dist. No. 1 of Coles County, 351 Ill. App. 438 (1953). In the latter case an interpleader was filed to distribute certain assets among defendant school districts. The appellant intervened to have the assets impounded to pay off certain bonds or in the alternative, to assess the defendants to pay off the bonds. The Appellate Court held that the fundamental purpose of intervention is to expedite litigation by disposing of the entire controversy among the persons involved in one action, and so to prevent a multiplicity of actions. The court said (p. 463) :

"Of overwhelmingly greater practical importance, and it is with practicalities with which intervention seeks to deal, is the fact that if intervention were denied there can be but little doubt that further litigation would ensue. Presumably all parties to this action would be necessary parties thereto. Substantially the same evidence and the same questions would be presented in addition to those relating to the tax levy."

This is supported by State of Minnesota v. Northern Securities Co., 184 U. S. 199, 235; Clark v. Sandusky, 205 F.2d 915; and Bachellor v. Dockterman, 291 Ill. App. 418. The case of Hairgrove v. City of Jacksonville, 366 Ill. 163, which appears to be the principal case relied upon by plaintiff, is discussed in Strader v. Board of Education of Community Unit School Dist. No. 1 of Coles County, supra, and is distinguished on the ground that there the intervenors' issue was completely separate from the main issue.

 In the instant case there are two main issues —the issue of divorce and the issue with respect to a partition of the property. If the intervenors had not been permitted to intervene, there would undoubtedly have had to be an action between the same parties as

are here involved. Moreover, it is particularly important in a suit in which title to real estate is involved that those who claim an interest should have the right to assert that interest before there is a public sale of the property. We hold that the intervenors had a substantial right or interest in the property sought to be partitioned. Under such circumstances, it appears to us that intervention is allowable as a matter of right, but in any event the court exercised sound discretion in permitting intervention.

 It is next argued by plaintiff that an intervenor may not change the issues between parties to a suit nor raise new ones. In a sense, almost every intervention raises a new issue. The more appropriate test, is whether there will be a substantial diversion of the litigation if the intervention is allowed. In the instant case plaintiff seeks to have a partition of property without settling the contest over the intervenors' claim to the same property. The issue as between plaintiff and defendant is not affected nor diverted except to the extent to which the intervenors substantiate their claim. This is a very different situation from the case of Bernero v. Bernero, 363 Ill. 328 (1936) cited by plaintiff. There, the court held that the Retirement Board of the Firemen's Annuity Fund did not have a substantial interest in a suit to vacate a divorce, even though it claimed that the only reason the plaintiff was seeking to set aside the divorce was that she wanted it determined that she was a widow and therefore entitled to a pension from the intervenor. No fund or property in which the Board claimed direct interest was involved in the suit.

 The next point advanced by plaintiff is that an intervening petition will not stand when the main issue is decided against the plaintiff and the suit is dismissed. This is directly contrary to the Illinois doctrine, as stated in Gage v. Cameron, 212 Ill. 146. Plain-

tiff distinguishes this case by saying that in this instance the suit was not voluntarily dismissed, as in Gage v. Cameron, but was dismissed upon the order of court after a hearing on the merits. This cannot be a sound distinction. It would mean that an intervenor seeking to protect his rights in property involved in litigation between others might be subjected to trial and proof and then, merely because the plaintiff in the primary suit failed to make his case, be thrown out of court. This is not in accord with the principles of intervention as laid down in this state. Gage v. Cameron, supra.

 Plaintiff maintains that there is no basis for an equitable lien and that it was error on the part of the court to decree that plaintiff should execute a note and mortgage tendered by the intervenors. There is ample evidence to sustain the findings of the court that the money was advanced to George and Petrina Baker upon the understanding that it was a loan made to enable them to purchase the property and that they would execute a note and mortgage for the amount advanced. However, no specific agreement was reached on the amount of interest, it being stated that it would be 2½ or 3 per cent, nor was any agreement made on the precise maturity of the note or on other material things. The trust deed, for example, contains provisions for the acceleration of principal maturities in case of default with respect to payment of interest and in other covenants; provides for a lien on the rents, issues and profits; for the maintenance of insurance on the building and fixtures and other covenants usually incorporated in a trust deed but not here specifically agreed to. Under such circumstances specific performance is not the remedy. The proper remedy is, as suggested in plaintiff's brief, the enforcement of an equitable lien. Grigaitis v. Gaidauskis, 214 Ill. App. 111; Boucek v. Pondelicek, 259 Ill. App. 59; 18 A. L. R.

1100, and cases there cited. In Boucek v. Pondelicek, supra, the doctrine is thus stated:

"It has been held in a number of cases that where one advances money for the purpose of buying a specific tract of land, on the oral promise of the borrower to secure its repayment by a mortgage upon the property when title thereto is obtained, and, after the conveyance has been procured by the use of the money, the borrower refuses to execute the mortgage, equity will regard that as done which the borrower agreed should be done, and which ought to be done, and will treat the transaction as creating an equitable mortgage upon the land in favor of the lender. (See Grigaitis v. Gaidauskis, 214 Ill. App. 111, and cases therein cited; Foster Lumber Co. v. Harlan County Bank, 71 Kan. 158; Cole v. Cole, 41 Md. 301; Murphree v. Countiss, 58 Miss. 712; Sprague v. Cochran, 144 N. Y. 104; Hughes v. Mullaney, 92 Minn. 485; Williams v. Rice, 60 Mich. 102; Floyd v. Hammond (Tex. Comm. App.) 268 S.W. 146.)"

The court further said, page 66:

"The decree in the present proceeding provides merely for a foreclosure. In other words, complainant looks solely to the land and does not seek to hold appellant personally liable for the debt."

It appears to us that it would be more favorable to plaintiff to accept the decree as rendered by the trial court than to insist upon proceedings for the enforcement of an equitable lien. The court has no power, however, to require her to do so, as we hold that the proper remedy is to impose an equitable lien and to direct a foreclosure and sale of the property unless the debt is paid within a reasonable time to be fixed by the court. If plaintiff, in the light of this opinion, should elect to execute the note and trust deed as tendered, the trial court should permit her to do so within

564

a reasonable time. Otherwise, the court should proceed to decree and enforce an equitable lien on the premises.

Order dismissing the complaint for divorce is affirmed. Decree requiring execution of the note and trust deed is reversed and the cause is remanded with directions to take such proceedings as are consistent with the views herein expressed.

Order affirmed. Decree reversed and cause remanded with directions.

McCORMICK, P. J. and ROBSON, J., concur.