*In re* MARRIAGE OF DONNA MARIE KENNEDY, Petitioner-Appellant, and STEPHEN DEAN KENNEDY, Respondent-Appellee.

Fifth District   No. 5—86—0756

Opinion filed June 2, 1988.

Steven E. Katzman, of Belleville, for appellant.

David Ulkus, of O'Fallon, for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Petitioner, Donna Kennedy, and respondent, Stephen Kennedy, were married on June 7, 1969. During their marriage, petitioner and respondent adopted one child, Darin Kennedy, born on September 21, 1968. On July 24, 1980, the circuit court of St. Clair County ordered the dissolution of the marriage of petitioner and respondent. The judgment of dissolution provided, *inter alia*, that petitioner would receive custody of the child, respondent would receive reasonable visitation rights, and respondent would pay child support of $40 biweekly to petitioner. On June 28, 1982, the circuit court modified the child support by raising it to $50 per week.

On May 15, 1986, petitioner filed an action with the circuit court of St. Clair County in which she pleaded for the court to: (1) find that respondent was in arrears on his obligation to pay child support and order him to pay the arrearage; (2) order that respondent continue to pay child support to petitioner until Darin Kennedy, the only child of the couple, graduated from high school, and direct that respondent increase the amount of the child support to at least 20% of his net income; (3) order that respondent pay petitioner's attorney fees; and (4) order the division of respondent's military retirement plan and the payment of an equitable portion to petitioner.

The circuit court of St. Clair County filed two separate orders in this action. On September 30, 1986, the court directed respondent to cease paying child support retroactive to September 21, 1986, Darin Kennedy's eighteenth birthday, ordered respondent to contribute $150 per month towards the child's educational expenses subsequent to that date, and ordered respondent to pay an arrearage of $733.40 in child support. On October 27, 1986, the circuit court denied petitioner's plea for attorney fees, and dismissed her petition to reopen the judgment of dissolution and apportion respondent's military pension.

Petitioner appeals, contending that: (1) the trial court's denial of her petition for attorney fees is in error as a matter of law because respondent's failure to pay child support was without cause or justification, and thus made the trial court's award of these fees mandatory; (2) the trial court erred in denying the petitioner's plea for a continuation of child support because the child is mentally disabled under section 513 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1985, ch. 40, par. 513), and the court erred in denying her request to increase the amount of the support to

20% of respondent's net income; (3) the trial court erred in directing the sum that respondent must contribute to Darin Kennedy's educational expenses; and (4) the trial court erred when it dismissed petitioner's plea to award her a share of respondent's military retirement pension. In her appeal, petitioner requests that we reverse the judgment of the trial court on the issues of attorney fees, child support, and the sum allotted to Darin Kennedy's educational expenses, and requests that we reverse the trial court's dismissal of her plea to divide respondent's military pension and remand the cause to award her a proper share of the pension.

Regarding petitioner's first issue on appeal, that she is entitled to attorney fees under section 508(b) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 508(b)) because the respondent's failure to pay the full amount of his child support obligations was without cause or justification, the trial court found that respondent's failure to pay was not willful and contemptuous and thus the court lacked the discretion to award the fees under section 508(b) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 508(b)).

■ Section 508(a) of the Act is the general provision empowering a trial court to award attorney fees in dissolution proceedings. (Ill. Rev. Stat. 1985, ch. 40, par. 508(a).) Section 508(b) of the Act is the provision for the award of fees relating to child support proceedings, and provides that

> "[i]n every proceeding for the enforcement of an order or judgment for child support in which relief is granted to the parent having custody of the child and the court finds that the failure to pay child support was without cause or justification, the court shall order the party against whom the proceeding is brought to pay the custodial parent's costs and reasonable attorney's fees." Ill. Rev. Stat. 1985, ch. 40, par. 508(b).

■ The trial court refused to award attorney fees to petitioner because it found that "it does not have the discretion to award attorney's fees for the non-payment of child support when such non-payment is not willful and contemptuous." The standard prescribed by section 508(b) of the Act, however, is not one of willful and contemptuous failure to pay support, but failure to pay without cause or justification. (Ill. Rev. Stat. 1985, ch. 40, par. 508(b).) Because the trial court applied a standard that seeks bad faith on the part of the party in arrears, and the correct statutory standard merely searches for a justifiable reason for the party's failure to pay, we must reexamine the record to determine whether respondent's failure to pay was without cause or justification, rather than whether respondent was willful

and contemptuous in failing to pay. The situation is similar to that in the case of *In re Marriage of Donahoe* (1983), 114 Ill. App. 3d 470, 448 N.E.2d 1030. There, the court reviewed a trial court's finding that the husband's unilateral refusal to pay child support was not "wilful and wanton," and hence did not entitle the wife to attorney fees under section 508(b) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 508(b)). The court noted that "[w]hile the trial court found [the husband's] unilateral cessation of child-support payments not to be 'wilful and wanton' because of the ongoing controversy over [the child's] education, and dismissed the rule to show cause, we conclude that [the husband] was still not justified under the circumstances in this record in unilaterally terminating child support payments previously ordered under the judgment of dissolution." *In re Marriage of Donahoe* (1983), 114 Ill. App. 3d 470, 478, 448 N.E.2d 1030, 1035.

■ The award of attorney fees is mandatory upon a court's finding of a failure to pay without cause or justification. (*Fogliano v. Fogliano* (1983), 113 Ill. App. 3d 1018, 1023, 448 N.E.2d 245, 249.) "The authority of a court to decide matters relating to the dissolution of a marriage is limited to its specific statutory grant, especially when the court is asked to award attorney's fees." *In re Marriage of Justema* (1981), 95 Ill. App. 3d 483, 486, 420 N.E.2d 796, 798.

Both parties acknowledge that the arrearage was caused by respondent when he failed to pay the proper amount to petitioner in child support. The modified judgment of dissolution of the party's marriage ordered respondent to pay $50 a week to petitioner. Instead, respondent paid $200 a month by military allotment, which created an arrearage of $16.67 per month. At the time of the hearing, the respondent had paid by this method for 44 months and was in arrears for $733.48.

■ The evidence in the record indicates that the failure to pay the monthly child support was solely the fault of respondent. While respondent may not have willfully and contemptuously miscalculated when he multiplied $50 per week by four weeks to arrive at his payment of $200 per month, we find from the record that the respondent failed to pay without cause or justification. For 11 months out of the year, and for 12 months during a leap year, four weeks do not equal one month. Respondent was capable of understanding the shortage his method of payment created, and the record does not indicate that respondent offered to pay the arrearage even after petitioner's attorney notified him of the arrearage. Respondent admitted that he never considered the failure to pay the correct amount. Because the arrearage was without cause or justification, respondent is obligated to re-

imburse petitioner for her reasonable attorney fees in this action.

In the matter of determining the amount of the fees, evidence submitted in the common law record revealed that petitioner's attorney, Steven Katzman, billed petitioner for 26.55 hours of out-of-court time at $85 per hour, and .5 hours of in-court time at $95 per hour, for a total time of 27.05 hours and a fee of $2,304.25. While we are able to determine the total time spent by attorney Katzman in connection with petitioner's case, we are unable to determine from the record the amount of time spent by petitioner's attorney on the action to recover the arrearage created by respondent. Petitioner does not plead for attorney fees for the causes other than the action for collection of the arrearage from respondent, and we do not find that she is entitled to fees in these other causes. We find that the trial court erred when it refused to award attorney fees to petitioner in the action to recover the arrearage in child support, and we remand this cause for a determination of the attorney fees in that action.

Petitioner alleges in her second issue on appeal that she is statutorily entitled to child support from respondent under section 513 of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 513) and that the trial court erred in denying her plea for an award of 20% of respondent's net income under the provisions of section 513 of the Act prescribing the equitable authority of the court to award the support and the factors the court shall consider in determining the award. The trial court found from the evidence presented at trial that Darin Kennedy was not mentally or physically disabled within the meaning of section 513 of the Act. (Ill. Rev. Stat. 1985, ch. 40, par. 513.) We must determine as a threshold issue whether the trial court's determination that Darin Kennedy is not mentally disabled is against the manifest weight of the evidence. If we find that the court's determination is against the manifest weight of the evidence, we must then consider whether the petitioner is entitled to 20% of respondent's net income under section 513 of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 513).

Section 513 of the Act provides that

> "[t]he court may award sums of money out of the property and income of either or both parties for the support of the child or children of the parties who have attained majority and are not otherwise emancipated only when such child is mentally or physically disabled; and the application therefor may be made before or after such child has attained majority age. The Court also may make such provision for the education and maintenance of the child or children, whether of minor or majority age, out of the property and income of either or both of its par-

ents as equity may require, whether application is made therefor before or after such child has, or children have, attained majority age. In making such awards, the court shall consider all relevant factors which shall appear reasonable and necessary, including:

(a) The financial resources of both parents.

(b) The standard of living the child would have enjoyed had the marriage not been dissolved.

(c) The financial resources of the child." Ill. Rev. Stat. 1985, ch. 40, par. 513.

Previous cases in Illinois have determined the boundaries under which the trial court may order a parent to pay child support after the majority of the child. These cases generally touch on the issue of supporting a child who is in college. (See, *e.g., Greiman v. Friedman* (1980), 90 Ill. App. 3d 941, 414 N.E.2d 77; *In re Marriage of Sreenan* (1980), 81 Ill. App. 3d 1025, 402 N.E.2d 348 (and cases cited therein).) Section 513 of the Act codifies previous Illinois common law recognizing that the trial court may also order the parent to pay child support after the child attains majority years when the child is mentally or physically disabled. (See, *e.g., Freestate v. Freestate* (1927), 244 Ill. App. 166; *Strom v. Strom* (1957), 13 Ill. App. 2d 354, 142 N.E.2d 172; Ill. Ann. Stat., ch. 40, par. 513, Historical and Practice Notes, at 788 (Smith-Hurd 1980).) In the *Freestate* case, the court found, in a case of first impression, that a parent is obligated to support an invalid child who is unable to support herself even though the child has attained her majority. (*Freestate v. Freestate* (1927), 244 Ill. App. 166, 170.) In *Strom*, the court found that a parent has an obligation to support a child stricken with polio, stating that "it is the obligation of a parent of ample means to support a child incapable of self-support beyond the period of that child's minority." *Strom v. Strom* (1957), 13 Ill. App. 2d 354, 367, 142 N.E.2d 172, 179.

■ In the case *sub judice*, the trial court found that Darin Kennedy was not mentally disabled within the meaning of section 513 of the Act. (Ill. Rev. Stat. 1985, ch. 40, par. 513.) We find that the trial court's determination was contrary to the manifest weight of the evidence, and thus the trial court abused its discretion in refusing to continue respondent's child support payments past Darin's eighteenth birthday.

Darin Kennedy attends the Children Center for Behavioral Development (CCBD), a school designed for emotionally disturbed, behaviorally disordered and learning disabled children. Dr. Diane Jameson, the clinical director of the center, testified that the children attending

the center cannot function in regular public schools because of their need for individual therapy and behavioral modification. Dr. Jameson testified that Darin Kennedy suffers from a severe learning disability and has a behavioral disorder. She stated that he reads and spells at a third-grade level, has a need to act out his anxieties, has a short attention span, is highly distractible, has low verbal comprehension, and has some visual motor problems. Dr. Jameson opined that Darin Kennedy would graduate in two to three years from the time of the hearing, and that after graduation, Darin would have the capacity to hold a job at the level of a clerk at a self-service filling station.

Petitioner, Darin's mother, testified that Darin's learning disability first manifested itself while Darin attended kindergarten. Darin's kindergarten teacher, a specialist in learning disabilities, diagnosed Darin as suffering from the disability, and Darin subsequently had to repeat a year of kindergarten. Darin has attended special education courses since enrolling in grade school, and petitioner testified that Darin "failed miserably" as a student at Belleville East High School. After Darin failed at Belleville East, petitioner enrolled him into the CCBD. Petitioner testified that Darin has improved tremendously since enrolling at the CCBD, that he is currently receiving "great grades," is on the basketball team, and has improved in his home environment.

We find that Darin Kennedy is mentally disabled under section 513 of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 513). We thus find that the trial court abused its discretion in refusing to continue respondent's child support payments past Darin's eighteenth birthday, and we reverse the court on this issue.

■■ Because we find that Darin Kennedy is mentally disabled under section 513 of the Act, we must also determine whether the petitioner is entitled to 20% of respondent's net income under the provisions of section 513 of the Act prescribing the authority of the court to award the support and the factors the court shall consider in determining the amount of the support. Ill. Rev. Stat. 1985, ch. 40, par. 513.

The trial court in the action *sub judice* did not reach the issue of whether petitioner was entitled to 20% of respondent's net income. We distinguish this case from cases holding that the court may not make an increase in child support absent a showing of a substantial change in circumstances under section 510(a) of the Act (see, *e.g.*, *Deardeuff v. Deardeuff* (1986), 149 Ill. App. 3d 406, 500 N.E.2d 992), because child support awarded under section 513 is independent from support awarded pursuant to section 505(a) of the Act. (Ill. Rev. Stat.

1985, ch. 40, pars. 505(a), 510(a), and 513.) Before the trial court may determine the amount of the support respondent must pay to petitioner under section 513 of the Act, it "shall consider all relevant factors which shall appear reasonable and necessary." Ill. Rev. Stat. 1985, ch. 40, par. 513.

Petitioner argues that she is entitled to 20% of respondent's net income because respondent's financial resources are substantial and that this is relevant to the court's determination of the amount of the award under section 513 of the Act. (Ill. Rev. Stat. 1985, ch. 40, par. 513.) Respondent's testimony at trial indicates that he is fully capable of paying the support requested by petitioner for the care of Darin Kennedy. Respondent is a senior master-sergeant in the United States Air Force earning a net income of $2,265.75 per month. Respondent owns assets which include a 1976 Porsche for which he paid $4,500, a boat, and furniture worth approximately $10,000. Respondent's wife currently earns approximately $1,600 per month. We find, however, that under section 513 of the Act respondent's ability to pay alone is not dispositive of the factors the court must consider in making the award. (Ill. Rev. Stat. 1985, ch. 40, par. 513.) Another factor the court must consider is the financial resources of the custodial parent. Petitioner, Darin's mother, testified that she earned commissions of $24,208 as an insurance salesman in 1985. However, on reviewing the record we do not feel fully advised in "all relevant factors," including those listed in section 513, and we are unable to determine that petitioner has proven that she is entitled to the support she has requested. We thus reverse the trial court's determination that Darin Kennedy is not mentally disabled and remand this cause to the trial court to determine the amount of the support respondent must pay petitioner under section 513 of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 513).

■ Regarding the petitioner's third issue on appeal, that the trial court erred in establishing the amount that respondent must contribute to Darin Kennedy's educational expenses, the court found that respondent had an obligation to contribute to the education of the child and ordered respondent to pay child support of $150 per month for 24 months, and ordered a review by the circuit court at the end of the 24 months on the issue of continuing the contributions. Because there was no evidence presented of educational expenses other than Darin's costs of food, clothing, and shelter while living with petitioner, we find that the determination of the preceding issue is dispositive of this obligation, and we vacate the payment of the educational support.

■ Petitioner's fourth issue on appeal alleges that the trial

court erred when it failed to award petitioner a portion of respondent's military retirement pension.

Retirement benefits from military pensions acquired during a marriage are marital property and subject to division between the parties. (*In re Marriage of Dooley* (1985), 137 Ill. App. 3d 401, 484 N.E.2d 894.) Petitioner argues that the judgment of dissolution failed to dispose of respondent's military retirement pension. However, the judgment of dissolution provided that "[a]ny right, claim, demand or interest of the parties in and to maintenance for themselves, whether past, present or future, and in the property of the other, whether real, personal or mixed, of whatsoever kind and nature, and wheresoever situated, including, but not limited to, by homestead, succession and inheritance, arising out of the marital relationship or any other relationship existing between the parties hereto is forever barred and terminated." The court apparently determined that this language forever barred any claim or demand of one party in the property of the other subsequent to the judgment and felt that it precluded any further consideration of the pension as the property of the petitioner. We agree with the trial court's determination of this issue, and we affirm the court's decision not to reopen the judgment of dissolution and award the petitioner a portion of the respondent's military pension.

We thus: (1) reverse and remand to determine attorney fees under section 508(b) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 508(b)); (2) reverse the trial court's determination that Darin Kennedy is not mentally disabled, and remand the cause to the trial court to determine the amount of the support to award petitioner under section 513 of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 513); (3) vacate the award of educational support for Darin Kennedy; and (4) affirm the trial court's determination not to reopen the judgment of dissolution and award petitioner a portion of respondent's military pension.

Affirmed in part; vacated in part; reversed in part; and remanded.

KARNS and WELCH, JJ., concur.