*In re* MARRIAGE OF MARK STEPHEN YOUNG, Petitioner-Appellant, and PAMELA JO YOUNG, Respondent-Appellee.

Fourth District   No. 4—89—0935

Opinion filed July 19, 1990.—Modified on denial of rehearing August 31, 1990.

Manuele & Manuele, of Springfield, for appellant.

No brief filed for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

Petitioner, Mark Stephen Young, appeals the trial court's order requiring him to pay the attorney fees of the respondent, Pamela Jo Young. These fees were incurred as the result of Pamela's need to defend a foreclosure suit concerning the marital residence. Mark had been ordered to pay the mortgage on the residence, which had been rented to a third party, the Muellers.

Mark claimed to have entered into an agreement with the Muellers in which they would assume the mortgage on that residence and make the monthly payments thereon. The Muellers did not make the payments, but Mark was not aware of that until the foreclosure action was filed on March 31, 1989. Mark then attempted to settle the foreclosure suit by negotiating with the mortgagor. In August 1989, he ultimately succeeded in reaching a negotiated settlement, but in the interim Pamela had filed a petition for rule to show cause, alleging Mark's failure to comply with the orders of the court regarding the mortgage payments.

At a hearing held in August 1989 on Pamela's petition against Mark, all of the above information was called to the attention of the court, which then deemed Pamela's petition for rule to show cause moot. Pamela nonetheless asked that Mark be directed to pay

Pamela's attorney fees of $250. Mark did not dispute the reasonableness of that figure, but denied that he should be required to pay any attorney fees at all. Mark emphasized that no proceedings were pending regarding the marital residence. The court took the matter under advisement and three days later issued a written order, which provided in pertinent part as follows:

"1. That as ordered in the Dissolution, the Plaintiff was to pay the mortgage on the marital domicile.

2. That the mortgage was not paid and a foreclosure was instituted.

3. That the Defendant was forced to retain counsel.

4. That the foreclosure was settled by the mortgage company accepting a deed in lieu of foreclosure.

5. That although the Petition for Rule is now moot, the Defendant was forced to retain counsel because of the conduct of the Plaintiff.

6. That the Defendant should be reimbursed for unnecessary attorney fees caused by the conduct of the Plaintiff.

7. That a reasonable attorney fee is $250.00.

WHEREFORE, the Plaintiff is ordered to pay Fuller, Hopp, Barr, McCarthy & Quigg the sum of $250.00 on or before November 1, 1989."

Mark filed a post-trial motion challenging the assessment of attorney fees. This motion did not refer to the trial judge's failure to make a specific finding relative to "without cause or justification." The court denied the motion, and Mark brings this appeal.

■ Even though no appellee's brief was filed in this case, we are able to decide it because the record is simple and the claimed errors can be easily resolved without the aid of an appellee's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

■ The issue before this court is governed by section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1987, ch. 40, par. 508(b)). That section reads as follows:

"(b) In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without cause or justification, the court shall order the party against whom the proceeding is brought to pay the costs and reasonable attorney's fees of the prevailing party." Ill. Rev. Stat. 1987, ch. 40, par. 508(b).

■ In her petition for rule to show cause, Pamela alleged that Mark's "failure or refusal to comply with the aforesaid orders of

Court is willful and contumacious." We view this language as necessarily including an allegation that Mark's failure to comply with the court's orders "was without cause or justification." We agree with the following observations from *In re Marriage of Kennedy* (1988), 170 Ill. App. 3d 726, 525 N.E.2d 168:

> "The trial court refused to award attorney fees to petitioner [under section 508(b) of the Act] because it found that 'it does not have the discretion to award attorney's fees for the nonpayment of child support when such non-payment is not willful and contemptuous.' The standard prescribed by section 508(b) of the Act, however, is not one of willful and contemptuous failure to pay support, but failure to pay without cause or justification. (Ill. Rev. Stat. 1985, ch. 40, par. 508(b).) Because the trial court applied a standard that seeks bad faith on the part of the party in arrears, and the correct statutory standard merely searches for a justifiable reason for the party's failure to pay, we must reexamine the record to determine whether respondent's failure to pay was without cause or justification, rather than whether respondent was willful and contemptuous in failing to pay." *Kennedy*, 170 Ill. App. 3d at 729-30, 525 N.E.2d at 169.

In other words, "willful and contumacious conduct" always includes violations of court orders that are "without cause or justification," but such violations do not always constitute "willful and contumacious conduct."

In his pleading in response in the present case, Mark conceded that he had failed to make the payments on the mortgage, but denied that he had *refused* to comply with the orders of the court.

Mark argues on appeal "that the Petition for Rule to Show Cause was prematurely filed and that in the absence of the findings in the trial court's judgment, particularly the absence of any evidence of inability of the Defendant (Pamela) to pay her own attorney's fee, [the order requiring Mark to pay attorney fees] was an abuse of its discretion."

In *In re Marriage of Wassom* (1988), 165 Ill. App. 3d 1076, 519 N.E.2d 1147, this court construed section 508(b) of the Act before its most recent amendment and stated the following:

> "Section 508(b) is a mandatory provision by which the trial court must, in a child support enforcement proceeding such as this one, order the noncustodial parent to pay the custodial parent's costs and reasonable attorney fees. [Citation.] The court may exercise its discretion when deciding whether the delin-

quent parent's failure to pay support was 'without cause or justification.' [Citation.] *However, once a determination has been made that the failure to pay child support was without cause or justification, then the trial court is directed by the statute to award costs and reasonable attorney fees.*

In this case the trial court did not make a specific finding that [respondent's] failure to make the child support payments was without cause or justification. The docket order stated: '[T]he parties respectively have willfully and contumaciously violated the provisions of the order of this court entered \*\*\*.' Willfulness in the context of contemptuous conduct implies conduct without cause or justification. [Citation.] The docket order is thus sufficient to meet the requirements of section 508(b) and mandate an award of the reasonable attorney fees [petitioner] incurred in obtaining enforcement.

It does not matter the trial court found [respondent] had purged herself of contempt at a later hearing. The policy behind section 508(b) is to eliminate or lessen the financial burden on a custodial parent that is the consequence of an enforcement action. [Citation.] [Petitioner] incurred attorney fees in an effort to, among other things, enforce the order of child support. Therefore, [petitioner] was entitled to attorney fees at the time the trial court granted him relief by enforcing the \*\*\* order for child support. The later purge order did not excuse [respondent] from the obligation imposed by section 508(b)." (Emphasis added.) *Wassom,* 165 Ill. App. 3d at 1081, 519 N.E.2d at 1150.

Section 508(b) was amended by Public Act 85—357, effective January 1, 1988 (1987 Ill. Laws 1957), to include all orders or judgments and not merely child support orders. See Ill. Rev. Stat. 1987, ch. 40, par. 508(b).

■ We reaffirm our holding in *Wassom* to the effect that the policy behind section 508(b) of the Act is to eliminate or lessen the financial burden on a party to a marital matter that is the consequence of an enforcement action. However, because we are dealing with a *mandatory* statutory provision, we also reaffirm that portion of *Wassom* which states that the trial court is directed by statute to award costs and reasonable attorney fees *"once a determination has been made that the failure to pay child support was without cause or justification."* (Emphasis added.) *Wassom,* 165 Ill. App. 3d at 1081, 519 N.E.2d at 1150.

■ The written order of the court in the present case contains no such finding. Given the seriousness of the consequences for a respond-

ent when the court makes such a finding, we should not affirm a trial court award of attorney fees under section 508(b) of the Act without that finding.

By serious consequences, we mean that an order for attorney fees under section 508(b) of the Act does not permit the balancing tests normally applicable to the question of attorney fees. These tests require consideration of the financial resources of the respective parties as mandated by section 508(a) of the Act. (Ill. Rev. Stat. 1987, ch. 40, par. 508(a).) Instead, when section 508(b) of the Act is applicable, the court is simply to decide what the costs and reasonable attorney fees of the prevailing party are and to order them paid by the party found to have failed to comply with the order or judgment without cause or justification. We conclude the legislature intended this result to serve as a sanction against parties in marital cases who wilfully disobey court orders.

The *Wassom* court excused the failure of the trial court to find that the respondent's failure to comply with child support payments was without cause or justification, but did so only because the respondent was found in indirect civil contempt. The trial court's docket entry in *Wassom* stated that the respondent "willfully and contumaciously violated the provisions of the order of this court." (*Wassom*, 165 Ill. App. 3d at 1081, 519 N.E.2d at 1150.) In *Wassom*, this court noted that wilfulness in the context of contemptuous conduct implies conduct without cause or justification.

■■ Mark's appellate brief does not refer to section 508(b) of the Act, but does cite section 508(a)(2). The trial court's judgment entered on August 31, 1989, and Mark's post-trial motion filed on September 28, 1989, do not refer to section 508(b). We conclude that trial counsel may not have called the trial court's attention to the "without cause or justification" issue. Thus, it is possible the issue was not considered by that court. For this reason, the cause must be remanded for further consideration.

To avoid further confusion, we find it necessary to consider the placement of the burden of proof. When one party to a dissolution does not fulfill a condition imposed upon him by court order to the detriment of the other party, policy indicated by section 508(b) of the Act requires the party not in compliance to produce evidence of his cause or justification if the costs and attorney fees otherwise required by section 508(b) of the Act are to be avoided.

In this case, Mark, not Pamela, was charged with a responsibility for payment of the mortgage indebtedness. Upon the foreclosure action, Pamela became a necessary party and could well have been

held liable for any deficiency judgment. She was justified in seeking legal assistance regarding the foreclosure. The default, as between Mark and Pamela, was the fault of Mark, not Pamela. The evidence regarding the foreclosure and Pamela's incurring fees in relation thereto was sufficient to transfer the burden of proof regarding "without cause or justification" to Mark.

Mark is the appropriate party to bear this burden because he is the party with knowledge of why he did not cure the default. He should be the party most familiar with his financial condition and the facts surrounding the mortgage which he had assumed. To place the burden upon Pamela requires her to prove a negative. The party who has failed to comply with a court order should be required to bear the burden of both presenting evidence upon and proving justification for the lack of compliance, or at least that the lack of compliance was *not* "without cause or justification."

This cause is remanded to the trial court to enable that court to review the record and to determine whether an order of "without cause or justification" should be entered. If the court finds that Mark's failure was "without cause or justification," then the court should again enter the judgment for $250.

Remanded.

LUND and GREEN, JJ., concur.