*In re* MARRIAGE OF ELEANOR JEAN IRVINE, Petitioner-Appellant, and JOHN E. IRVINE, Respondent-Appellee.

Fourth District   No. 4—90—0738

Opinion filed June 28, 1991.—Modified on denial of rehearing August 13, 1991.

Duane D. Young, of Heckenkamp, Simhauser & LaBarre, P.C., of Springfield, for appellant.

R.P. O'Connell, of Richard P. O'Connell, Ltd., of Quincy, for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

This is an appeal from a final order dated October 3, 1990, resolving the issues of attorney fees, rental income, and debts assessed against properties awarded to petitioner Eleanor Jean Irvine pursuant to a judgment of dissolution entered May 3, 1988. Petitioner appeals, contending the trial court erred in (1) denying her rent on the properties which were vacant but utilized by respondent and statutory double rent pursuant to section 9—202 of the Forcible Entry and Detainer Act (Detainer Act) (Ill. Rev. Stat. 1989, ch. 110, par. 9—202) on properties awarded to her but withheld by respondent; (2) allowing respondent credit for maintenance expenses on properties awarded to her in the May 1988 judgment; (3) denying her certain security deposits collected by respondent; (4) denying her mandatory attorney fees to enforce the judgment under section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 508(b)); and (5) denying her attorney fees pursuant to Illinois Supreme Court Rule 137 (134 Ill. 2d R. 137).

This is the third time issues involved in the dissolution of marriage of the parties have been on appeal before this court. Pursuant to the order of reversal and remandment following the first appeal (*In re Marriage of Irvine* (1987), 160 Ill. App. 3d 1163 (unpublished order under Supreme Court Rule 23)), the trial court entered judgment on May 3, 1988, dividing the marital property between the parties, which included a substantial number of rental properties. Petitioner appealed this judgment, which was subsequently affirmed by this court on March 9, 1989. *In re Marriage of Irvine* (1989), 180 Ill. App. 3d 1107 (unpublished order under Supreme Court Rule 23).

During the pendency of that second appeal, petitioner filed a petition for relief in the circuit court, requesting that, absent a stay and a sufficient bond, she be granted the immediate access and right to the

income from the properties awarded her in the final judgment of May 3, 1988. On July 19, 1988, the trial court entered an order stating:

"Petitioner shall be entitled to all rents on the properties awarded her, and responsible for all debts ordered paid by her, from the date of the Judgment of Dissolution (May 3, 1988). Respondent shall not be required to convey his interest in such properties pending the appeal, and neither party shall contract to sell any property during the appeal. The parties shall prepare a schedule showing the rental and debt payments covered by this order. Each party shall reimburse the other for collection of the other's rents, or the payment of debts they should have paid."

Respondent did not file a petition for stay of the order of the trial court pursuant to Rule 305(b) (134 Ill. 2d R. 305(b)), and he neither submitted to petitioner the rents collected nor allowed her to collect them directly.

In mid-1989, following this court's affirmance of the May 3, 1988, judgment, the parties executed and delivered deeds partitioning the real estate in accordance with the judgment and petitioner received possession of her properties and began collecting current rents and paying current debts. She did not, however, receive the rents respondent had collected until that date.

On July 11, 1989, petitioner filed a petition for judgment for the rents collected and retained by respondent for the period from approximately May 1988 to May 1989 in the sum of $24,737. Respondent's response dated December 8, 1989, asserted that petitioner owed respondent $6,650 for the same period. Further discovery was had and additional petitions and responses for varying amounts due were filed by both parties. The final order of October 3, 1990, found $12,064.67 due to petitioner, net of a $3,760.92 credit allowed respondent for maintenance performed on petitioner's properties during the period he collected and retained rental sums due her.

■■ Petitioner first argues that she is entitled to double rents for the approximately 13-month period respondent withheld possession of the properties awarded to her in the dissolution judgment. Petitioner points to section 9—202 of the Detainer Act, which provides as follows:

"Wilfully holding over. If any tenant or *any person* who is in or comes into possession of any lands *** wilfully holds over any lands *** after the expiration of his or her term or terms, and after demand made in writing, for the possession thereof *** the person so holding over, shall, for the time the landlord

or *rightful owner* is so kept out of possession, pay to the person so kept out of possession \*\*\* at the rate of double the yearly value of the lands \*\*\* so detained to be recovered by a civil action." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 110, par. 9—202.)

Although historically actions in forcible entry and detainer have arisen in the context of landlord-tenant relations, we see nothing within the cited statute which would preclude its application in a dissolution proceeding if the facts and circumstances of the case comport with the requirements of the statute. In cases where the marital estate is comprised of partitionable rental properties distributed between the parties, it is not inappropriate to provide an incentive to a recalcitrant spouse to promptly comply with a court order of transfer of title or possession within a reasonable time.

■ It has, however, been consistently held that an action to recover the double value of rent is in the nature of a forfeiture and is highly penal, and that an action to recover must be clearly within the statute. (*Chapman v. Wright* (1858), 20 Ill. 120; *Stuart v. Hamilton* (1872), 66 Ill. 253; *Stride v. 120 West Madison Building Corp.* (1985), 132 Ill. App. 3d 601, 477 N.E.2d 1318.) In reviewing the facts and circumstances of the parties before this court, it is indisputable that the judgment awarded petitioner various rental properties as her sole and separate property and, pursuant to that judgment, she became the rightful owner. There is also no dispute that respondent wilfully retained respondent's properties in disregard of petitioner's written demand for possession of the keys and rental income from the properties and, instead, instructed tenants in those properties to pay rent only to him. However, the court's order of July 1988 for relief pending appeal allowed respondent to retain his "interest in such properties pending the appeal" and directed him to account for income received and debts paid. This order lacked validity to deny petitioner the right to possession she had been awarded by the judgment because no stay of that judgment had issued. However, the ambiguity in the language of the order created the appearance of a stay of the judgment and an implication that respondent's retained "interest" and duty to account included a right to retain possession and the status quo as to the vacant properties, as well as legal title to the properties involved pending the appeal. Therefore, as an uncertainty existed regarding the right to present possession of the properties based on the implications of the July 1988 order, we conclude that the trial court's denial of rents on the vacant properties utilized by respondent, and double rents for wilfully holding over pursuant to section 9—202

was proper. (See, *e.g., Stride*, 132 Ill. App. 3d 601, 477 N.E.2d 1318.) Our conclusion in this case, however, does not preclude application of the statutory remedy provided for in section 9—202 of the Detainer Act in a dissolution proceeding where different facts can support its imposition.

■ Petitioner next argues the court erred in allowing respondent a $3,760.92 credit for maintenance and repairs to her properties. The evidence supporting this sum was a series of monthly summaries listing dates, labor hours expended, and job location, prepared by respondent's bookkeeper solely for purposes of the dissolution proceedings. On several of the monthly summaries, all of the entries were changed from "1988" to "1989." The bookkeeper stated she prepared the monthly summaries from data sheets completed by individual employees but she had no personal knowledge that any work was either required or performed. The records supporting the summaries were not produced at trial, and the bookkeeper testified that they were not available. The summary documentation for the labor costs covered only 7 of the 12 months for which the maintenance credit was claimed. The remaining five months are represented by an estimate based on average labor costs, as data for those months was destroyed by a fire in respondent's office.

At trial, respondent was required to prove by a preponderance of the evidence expenses chargeable against properties awarded petitioner. (See *Sayad v. Sayad* (1960), 27 Ill. App. 2d 250, 169 N.E.2d 585 (abstract of opinion) (slip op. at 6); see also *Baker v. Baker* (1955), 6 Ill. App. 2d 557, 128 N.E.2d 616.) The evidence of record is wholly lacking in proof that the labor hours allegedly expended by respondent's employees were necessary, reasonable, or actually performed, and provides an entirely insufficient basis for proof of debts attributable to these properties. Moreover, the July 1988 order stated petitioner was responsible "for all debts ordered paid by her," and there was no evidence that she ordered any of these expenses paid. Therefore, we reverse the trial court's award to respondent of an offsetting credit of $3,760.92 as an abuse of discretion.

■ Petitioner next claims that the court erred in denying her a $550 security deposit collected by respondent for rental of the marital home from September 1985 to September 1986, as well as a security deposit of $105 refunded by respondent to a tenant in one of petitioner's properties during the period he retained possession. The security deposit on the marital home was retained by respondent pursuant to a lease which expired prior to the court's initial award of the home to petitioner in February 1987. Inasmuch as petitioner was entitled to

neither rentals nor possession prior to that date, and petitioner herself entered into a new lease with different tenants in November or December 1986, it cannot be said the court's decision denying petitioner the $550 security deposit was against the manifest weight of the evidence. However, with regard to the $105 security deposit refunded by respondent on one of petitioner's properties, petitioner was entitled to this sum pursuant to the order of July 19, 1988. Respondent was ordered to reimburse petitioner for collection of her rents, and he was precluded from refunding this security deposit without petitioner's approval. Therefore, the court erred in denying petitioner reimbursement for the security deposit of $105.

Petitioner next argues that the court improperly denied her mandatory attorney fees under section 508(b) of the Act for enforcement of the May 3, 1988, judgment because respondent's failure to turn over rents collected was without cause or justification. Petitioner submitted affidavits as to fees and expenses incurred since this court's affirmance of that judgment in the sum of $8,424.33.

■ A party who has been forced to resort to the judicial process to secure compliance with the terms of an order or judgment is entitled to her reasonable attorney fees even absent a showing of inability to pay. (*In re Marriage of Moriarty* (1985), 132 Ill. App. 3d 895, 478 N.E.2d 537; *In re Robertson* (1986), 151 Ill. App. 3d 214, 502 N.E.2d 1279.) The provision for mandatory award of attorney fees, section 508(b) of the Act, was broadened in 1988 to include enforcement of all orders and judgments and not merely child support orders. (See Ill. Ann. Stat., ch. 40, par. 508(b), Supplement to Historical and Practice Notes, at 179 (Smith-Hurd Supp. 1991).) Under section 508(b) of the Act, the trial court has no discretion as to whether to award reasonable attorney fees and costs incurred in enforcement of its orders; its only discretion is to decide whether the failure to pay was without cause or justification. If the trial court so finds, the award of reasonable attorney fees and costs is mandatory. *Elliott v. Elliott* (1985), 137 Ill. App. 3d 277, 280, 484 N.E.2d 482, 485.

■ The judgment of May 3, 1988, awarded petitioner the rental properties "as her sole and separate property" and the order of July 19, 1988, entitled her to current rents on those properties as well as reimbursement of sums respondent had collected on her behalf. Petitioner received none of the proceeds respondent had collected from these properties for the approximately 13-month period, May 1988 to May 1989, until the court's final order of October 3, 1990. Respondent therefore failed to pay the sums due under the court's May and July

1988 orders. It therefore becomes necessary to determine whether respondent's failure to pay was without cause or justification.

Respondent argues that he was not required to pay over any sums to petitioner until after this court's disposition of her appeal. This view is clearly without merit. The judgment granted petitioner all rights in and to the properties awarded, and the July 19, 1988, order rescinded only petitioner's right to legal title during the pendency of the appeal. However, accepting, *arguendo*, respondent's interpretation of those orders, respondent failed to promptly account for and pay over the sums he had collected, and which he interprets as then coming due, when this court affirmed the judgment on March 9, 1989. As direct collection of the rents had been denied her, petitioner filed a petition for judgment, relying on data obtained from respondent, who had filed no personal income tax returns since 1981 and had sole access to the records from which to compute rental sums due her. His subsequent accounting asserted that petitioner owed him more than $6,600 over the same period. He demanded credits for expenditures to which he clearly was not entitled, such as monthly mortgage payments made prior to the date the properties were awarded petitioner. He failed to pay the 1987 prejudgment taxes on properties awarded petitioner, and allowed those properties to be later purchased at a tax sale by his sons by a prior marriage. Respondent withheld rental income due petitioner pursuant to the orders of May 3, 1988, and July 19, 1988, and failed to promptly pay over and account following this court's affirmance of the judgment, and petitioner was required to resort to judicial process to enforce compliance.

We find that respondent's failure to comply with the orders of May 3, 1988, and July 19, 1988, was without cause or justification and the court was without discretion to deny mandatory fees pursuant to section 508(b) of the Act. We therefore reverse and remand for a finding by the trial court as to reasonable attorney fees incurred in enforcement of the judgment.

Petitioner next argues that the court erred in denying her attorney fees pursuant to Supreme Court Rule 137. Respondent filed two verified pleadings making claim for a $5,500 debt owed by petitioner which had been satisfied two years previously. The trial court denied petitioner's request for attorney fees under Supreme Court Rule 137, finding that Rule 137 imposed no absolute liability for mistakes, that respondent's error in alleging nonpayment of the $5,500 debt was unintentional, and that the petition was not filed for an improper purpose.

Supreme Court Rule 137 preempts all matters sought to be covered by section 2—611 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—611), which contains substantially similar language. (*Yassin v. Certified Grocers of Illinois, Inc.* (1990), 133 Ill. 2d 458, 551 N.E.2d 1319.) The primary difference between the two provisions is that under Rule 137 the imposition of sanctions is discretionary rather than mandatory as under section 2—611. Case law developed under section 2—611 of the Code can therefore be applied to interpret identical provisions of Rule 137.

Trial court decisions on whether to impose sanctions are entitled to considerable deference upon review and will not be reversed on appeal absent an abuse of discretion. *Yassin*, 133 Ill. 2d at 467, 551 N.E.2d at 1323.

■ Rule 137 requires that all papers filed in court shall be signed by an attorney or party and such signing constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in law and fact. Upon a violation of Rule 137, the court, on its own discretion, may impose on the attorney, represented party, or both, an order to pay to the other party the amount of reasonable attorney fees incurred because of the filing of the document or paper. 134 Ill. 2d R. 137.

■ Respondent claims the trial court properly denied the request for sanctions under Rule 137 because the filed pleadings resulted from honest error. At the June 7, 1990, hearing for closing arguments on the accounting of sums due petitioner, and previous to the filing of any petitions, respondent first orally made demand for the $5,500 credit based on a debt first allocated to petitioner in 1986. Petitioner's counsel informed respondent that the debt had long since been satisfied and demanded that if he persisted in this claim, he do so by verified pleading. Respondent was thereby put on notice that his claim would be contested, and he was provided an opportunity for inquiry as to the validity of this claim prior to pleading. He nevertheless filed two false pleadings as well as a motion for corrections alleging nonpayment of the $5,500 debt and made demand for payment plus statutory interest.

Any reasonable inquiry would have revealed the falsity of the allegations made at the June 7 hearing prior to respondent's filing of verified pleadings: the satisfaction of the $5,500 debt was evidenced by a letter from respondent's counsel dated June 8, 1987, together with copies of checks forwarded to petitioner from which the $5,500 had been deducted.

The trial court apparently imposed a good-faith standard in finding respondent not liable for mistakes in the absence of improper purpose. However, neither a test of good faith nor respondent's concession that he made a mistake comports with the affirmative obligation of Rule 137 to make a reasonable inquiry prior to the filing of pleadings. "A court must use an objective standard to determine whether a particular inquiry was reasonable, based upon the circumstances that existed at the time the pleading was filed." (*Cmarko v. Fisher* (1990), 208 Ill. App. 3d 440, 445, 567 N.E.2d 352, 355.) No inquiry at all was conducted here. We conclude that the trial court abused its discretion in denying appropriate sanctions under Rule 137 as no reasonable inquiry was made by respondent as to the validity of his claim for $5,500. Accordingly, we reverse and remand to the trial court for imposition against respondent of an appropriate sanction for violation of Rule 137.

Affirmed in part, reversed in part and remanded for further action consistent with this opinion.

Affirmed in part; reversed in part and remanded.

STEIGMANN and KNECHT, JJ., concur.