612 N.E.2d 1346 (1993)
245 Ill. App.3d 312
184 Ill.Dec. 186
In re MARRIAGE OF Donna J. SANDA, n/k/a Donna J. Seward, Petitioner-Appellee and Cross-Appellant, and
Karl L. Sanda, Respondent-Appellant and Cross-Appellee.
No. 2-92-0690.
Appellate Court of Illinois, Second District.
April 27, 1993.
Rehearing Denied June 1, 1993.
*1347 Dolores A. Timko, Lyle B. Haskin, Haskin & Taylor, P.C., Wheaton, for Karl L. Sanda.
Stephen M. Deitsch, Law Offices of Stephen M. Deitsch & Associates, Wheaton, for Donna J. Sanda.
Justice GEIGER delivered the opinion of the court:
The respondent, Karl L. Sanda, appeals from the court's award of attorney fees to the petitioner, Donna J. Sanda, n/k/a Donna J. Seward, in this post-judgment dissolution of marriage case. The respondent argues on appeal that the court erred (1) in reopening proofs after granting his motion for a directed finding; (2) in awarding attorney fees pursuant to section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill.Rev.Stat.1991, ch. 40, par. 508(b)), where the petitioner did not sufficiently prove that the fees requested were reasonable; and (3) because there was no hearing held to determine if the respondent failed to comply with a court order or that his failure to comply was without cause or justification.
The following are the pertinent facts for this appeal. On September 15, 1988, a judgment for dissolution of the parties' marriage was entered following a trial. On May 3, 1991, one of the petitioner's attorneys, Terry A. Ekl, filed a petition for post-decree enforcement attorney fees (hereinafter Ekl fees petition) against the respondent, pursuant to section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill.Rev.Stat.1991, ch. 40, par. 508(b)). On May 6, 1991, another attorney for the petitioner, Arthur G. Jaros, Jr., filed a petition for attorney fees (hereinafter Jaros fees petition) against the respondent for three post-judgment matters.
A hearing on the petitions for fees was held on September 18, 1991. On the Ekl fees petition, Mr. Ekl testified in narrative form that he represented the petitioner in certain post-judgment orders which culminated in an agreed order. He explained to the court his office procedure regarding his time slips, which were filed with his petition for fees. He testified that the fee petition pertained to his efforts in representing the petitioner in enforcing certain court orders against the respondent. He requested an hourly rate of $125 per hour for his time. He also stated that some of his clients are billed at $200 per hour. He was not cross-examined by the respondent.
*1348 The respondent moved for a directed finding, arguing that the Ekl fees petition and accompanying testimony failed to include the necessary "elements of proof," contained in the Rules of Professional Conduct (134 Ill.2d R. 1.5). Mr. Ekl argued that the factors concerning attorney fees in Rule 1.5 do not apply to section 508(b) fees and that he was only required to show that a court order was violated and needed to be enforced and that the fees in the enforcement were reasonable and necessary. The court, sue sponte, offered to allow Mr. Ekl to reopen the proofs. When Mr. Ekl did not agree to do so, the court granted the respondent's motion for a directed finding.
Mr. Jaros testified that he had represented the petitioner since 1986, that his fee petition sought payment for services rendered in conjunction with post-judgment disputes and the ordinary and customary rates that he normally charges his clients. Mr. Jaros also testified as to why his actions on behalf of the petitioner were necessary, and the results accomplished by his representation. The respondent moved for a directed finding on the same grounds as he had on the Ekl petition. The court reserved ruling on the Jaros fee petition and on the respondent's motion for a directed finding. The court also granted Mr. Ekl permission to file a motion to reconsider.
On September 25, 1991, the court heard arguments on the petitioner's motion to reconsider the judgment on the Ekl fees petition, the respondent's motion to strike the petitioner's motion to reconsider, and the petitioner's objection to the respondent's motion for a directed finding on the Jaros fees petition.
After arguments, the court reasoned that since the Jaros fees petition was based on section 508(b), Mr. Jaros had provided sufficient evidence to survive the respondent's motion for a directed finding. With respect to the Ekl fees petition, the court made a similar finding that because the petition was brought under section 508(b), "certain elements need not be proved," and it vacated the directed finding on the petition. The respondent renewed his objection to the sufficiency of the petitioner's fees petitions and declined to further participate in the proceedings, believing that to do otherwise would waive the "error in the court."
On May 14, 1992, the court entered its memorandum opinion and order which awarded $8,638.75 to the petitioner on the Ekl fees petition, and $18,297.80 on the Jaros fees petition. In that memorandum opinion, the judge stated, in part:
"[B]ased upon the evidence presented, based upon the court's own knowledge of and familiarity with the case over a long period of time, based upon the court's own knowledge of the fees customarily charged in Du Page County, based upon the skill and standing of both attorneys in the legal community and based upon the complexity of the matter and the degree of responsibility of the attorneys involved as well as the benefit of their efforts which resulted to the client, as well as a review of all records generated, the Court finds that the fees of each [attorney] were reasonable and the services performed were necessary, with the exception of certain disallowances. There being no evidence to the contrary, the Court finds that the actions of [the respondent] which brought the Post-Judgment litigation before the Court were without cause of [sic] justification.
* * * * * *
To deprive [the petitioner] of her right pursuant to Section 508(b) to attorneys fees here because of procedural irregularities which could be and were remedied would, in this Court's opinion, be to eviscerate Section 508(b) and ignore the clear legislative intent of the statute."
On June 12, 1992, the respondent filed a timely notice of appeal, and on June 26, 1992, the petitioner filed a cross-appeal.
The respondent first argues on appeal that the court erred in reopening the proofs. Our review of the record indicates that the court did not reopen the proofs, but merely offered Mr. Ekl the opportunity to reopen the proofs. When Mr. Ekl did not immediately do so, the court noted that Mr. Ekl declined the opportunity and granted the respondent's motion for a directed *1349 finding. The court subsequently allowed a hearing on Mr. Ekl's motion to reconsider and allowed Mr. Jaros to argue why the respondent's motion for a directed finding should not be granted. In light of there being no perceived error relating to the reopening of the proofs, we proceed with this opinion addressing the remaining issues raised by the respondent.
The respondent next argues that the petitioner failed to prove that the fees generated by her attorneys were reasonable or necessary and that, therefore, he was entitled to a directed finding as a matter of law. Specifically, the respondent argues that the following criteria should have been pleaded by the petitioner and considered by the court in determining the allowance of attorney fees: (1) the relative financial position of the parties; (2) the skill and standing of the attorneys employed; (3) the importance, novelty and difficulty of the questions raised; (4) the degree of attorney responsibility involved from a management perspective; (5) the time and labor required; (6) the usual and customary charge in the community; and (7) the benefits resulting to the client.
The respondent argues that in the Ekl fees petition and the evidence presented thereupon, Mr. Ekl provided no evidence concerning the financial positions of the parties; no evidence on the importance, novelty or the difficulty of the questions involved in the controversy; and no evidence on the customary charge in the community. The respondent further argues that the Jaros fees petition and its associated testimony were similarly deficient.
The petitioner argues that a party does not need to present evidence about the relative financial positions of the parties when pursuing fees under section 508(b). She also argues that certain factors relating to an attorney's fees petition, such as the nature of the controversy and the skill of the attorney, may have become evident during earlier proceedings before the trial court and need not be proved independently.
Section 508(b) provides that "[i]n every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without cause or justification, the court shall order the party against whom the proceeding is brought to pay the costs and reasonable attorney's fees of the prevailing party." (Ill.Rev.Stat.1991, ch. 40, par. 508(b).) Under section 508(b), a trial court has no discretion as to whether to award fees and costs, if it finds that the underlying failure to comply with an order was without cause or justification. (In re Marriage of Garelick (1988), 168 Ill.App.3d 321, 328, 119 Ill.Dec. 76, 522 N.E.2d 738.) Its only discretion in this regard extends to its determination of the amount of reasonable fees.
The matter of fixing fees is one of the few areas in which the trial judge may rely on the pleadings, affidavits on file and his own experiences. (In re Marriage of Brophy (1981), 96 Ill.App.3d 1108, 1118, 52 Ill.Dec. 236, 421 N.E.2d 1308.) Factors such as the nature of the controversy and skill of the attorney will become evident during proceedings, and no independent proofs need be made concerning such factors. (In re Marriage of Ackerman (1988), 168 Ill.App.3d 438, 443-44, 118 Ill.Dec. 862, 522 N.E.2d 317.) Also, under section 508(b), it is not necessary for the petitioning party to show an inability to pay, or the relative financial positions of the parties. (See In re Marriage of Irvine (1991), 215 Ill.App.3d 629, 635, 160 Ill.Dec. 332, 577 N.E.2d 462.) However, such factors as the amount of time and labor involved in a case do not come out in the ordinary course of proceedings; thus, such factors require independent proof. Ackerman, 168 Ill. App.3d at 444, 118 Ill.Dec. 862, 522 N.E.2d 317.
Here, attorneys Ekl and Jaros submitted itemized records in their verified petitions, detailing their time spent representing the petitioner in her post-judgment proceedings. They testified as to the purpose of their representation and the necessity of enforcing the dissolution order. The court stated that in reaching its determination of the fees awarded it considered both the evidence submitted by the parties *1350 and took into account its own knowledge of the skills of the attorneys, the customary fees in Du Page County, the complexity of the subject matter and the results obtained for the client. Because it was not necessary for the petitioner to show her inability to pay (see Irvine, 215 Ill.App.3d at 635, 160 Ill.Dec. 332, 577 N.E.2d 462), because the petitioner's attorneys testified to and submitted verified records as to the time and labor involved in their representation, and given the court's knowledge of the remaining pertinent factors that became evident during the proceedings, we cannot find that the court abused its discretion in awarding the attorney fees here because there was sufficient proof that the fees were reasonable and necessary. See Ackerman, 168 Ill.App.3d at 444, 118 Ill.Dec. 862, 522 N.E.2d 317.
The respondent next argues that the court erred in granting relief under section 508(b) because there was not a sufficient showing that he failed to comply with the dissolution judgment or that any failure to comply was without cause or justification.
Under section 508(b), when one party to a dissolution does not fulfill a condition imposed upon him by a dissolution order, the party not in compliance has the burden to produce evidence of his cause or justification. (In re Marriage of Young (1990), 200 Ill.App.3d 226, 231, 147 Ill.Dec. 178, 559 N.E.2d 178.) Here, the petitioner's fee petitions alleged that the respondent failed to comply with the dissolution order and that his failure to comply was without cause or justification. Attorneys Ekl and Jaros also both testified to these facts. The respondent did not present any evidence to the contrary, and the trial court noted that fact in its memorandum order. Further, the court found that the actions of the respondent which brought the post-trial litigation before the court were "without cause [or] justification." We find, contrary to the assertion of the respondent, that the court properly found that the respondent failed to comply with the dissolution order without cause or justification. See Young, 200 Ill.App.3d at 231-32, 147 Ill.Dec. 178, 559 N.E.2d 178.
The respondent next argues that the court abused its discretion in granting the motion to reconsider on the Ekl fees petition, arguing that Ekl's motion to reconsider tendered no new evidence.
An intended purpose of a motion to reconsider is to bring to the court's attention errors in the court's previous application of existing law. (Kaiser v. MEPC American Properties, Inc. (1987), 164 Ill. App.3d 978, 987, 115 Ill.Dec. 899, 518 N.E.2d 424.) Here, the petitioner argued to the court, after the directed finding, that a fee petition brought pursuant to section 508(b) does not have to establish every element necessary to sustain a section 508(a) petition. The court agreed with the petitioner, holding that a section 508(b) petition does not require proof of certain elements that are required in a section 508(a) petition, and the court granted the petition to reconsider on that basis.
Although the respondent notes that a different basis for granting the motion to reconsider was stated in the court's memorandum order, this court will affirm the judgment of the lower court if it can find any basis in the record to affirm. (People ex rel. Hartigan v. Knecht Services, Inc. (1991), 216 Ill.App.3d 843, 853, 159 Ill.Dec. 318, 575 N.E.2d 1378.) The record demonstrates that the court initially made a mistake in its application of the law concerning the requirements of a section 508(b) petition and properly reconsidered the issue upon the motion to reconsider. We do not find that the court abused its discretion in granting the petitioner's motion to reconsider. See Kaiser, 164 Ill.App.3d at 987, 115 Ill.Dec. 899, 518 N.E.2d 424.
The petitioner argues on cross-appeal that the court erred in denying fees and costs associated with a Cook County case No. 90-CH-8230. At the hearing on his fees petition, Mr. Jaros requested leave to file a certified copy of that decision, testifying it was brought to enforce the judgment of the dissolution order and to prevent the dilution of assets that were the subject of the dissolution order. The court did not allow Mr. Jaros to file the copy of the decision in case 90-CH-8230 and denied the fees and costs associated with that *1351 case, reasoning that it was analogous to a collateral criminal case and did not involve the enforcement of a dissolution order.
The parties did not cite to any case authority in their briefs addressing the court's basis for denying the fees on the Cook County case. As this court is not aware of any such limitation on section 508(b) petitions, and because section 508(b) states in part that "[i]n every proceeding for the enforcement of an order" the court may order reasonable attorney fees (emphasis added) (Ill.Rev.Stat.1991, ch. 40, par. 508(b)), we find that the court erred in denying the fees without first allowing Mr. Jaros to file a certified copy of the Cook County case No. 90-CH-8230. The court must determine if that case was brought to enforce the dissolution order and, if so, for a determination of reasonable attorney fees. See Ill.Rev.Stat.1991, ch. 40, par. 508(b).
For the above reasons, we affirm the judgment of the circuit court of Du Page County to the extent that it awarded attorney fees. We reverse the court's denial of fees stemming from the referenced Cook County case and remand for proceedings consistent with the above opinion.
Affirmed in part; reversed in part and remanded with instructions.
DOYLE and QUETSCH, JJ., concur.