In re MARRIAGE OF JANICE T. KENT, Petitioner-Appellant, and FLOYD G. KENT, Respondent-Appellee.

Second District    No. 2—94—0090

Opinion filed September 26, 1994.

Richard H. Balog and Howard B. Levy, both of St. Charles, for appellant.

William J. Truemper, of Truemper, Hollingsworth, Wojtecki, Courtin & Rudde, of Aurora, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Petitioner, Janice T. Kent, appeals the order of the circuit court of Kane County denying her petition for attorney fees pursuant to section 508 of the Illinois Marriage and Dissolution of Marriage Act. (750 ILCS 5/508 (West 1992).) Petitioner contends that the court improperly dismissed her petition for lack of jurisdiction. We reverse and remand.

On November 30, 1989, petitioner filed a petition for dissolution of marriage against respondent, Floyd G. Kent. A property settlement agreement was incorporated into the judgment for dissolution entered on January 11, 1991. Pursuant to the settlement agreement, respondent was to pay petitioner the sum of $20,000 in exchange for petitioner's share of the equity in their home.

On March 31, 1992, respondent filed a petition for bankruptcy in the bankruptcy court for the northern district of Illinois, listing petitioner as a creditor. On April 10, 1992, respondent filed an adversary complaint in the bankruptcy court against petitioner seeking discharge of his obligation to pay the $20,000 owed pursuant to the settlement agreement. In response to the complaint, petitioner retained the services of her attorney, who represented petitioner in the bankruptcy proceeding. The bankruptcy court dismissed respondent's bankruptcy petition and complaint on July 7, 1993.

On July 12, 1993, petitioner filed a petition for attorney fees incurred in the bankruptcy proceeding, seeking that respondent be required to pay petitioner's attorney fees pursuant to section 508 of

the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/508 (West 1992)). Respondent filed a motion to strike the *petition* for attorney fees, arguing that the circuit court had no jurisdiction to award attorney fees incurred in a bankruptcy proceeding. The court granted respondent's motion, holding that it did not have jurisdiction to award attorney fees. We disagree.

Section 508(b) of the Illinois Marriage and Dissolution of Marriage Act states:

> "In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without cause or justification, the court shall order the party against whom the proceeding is brought to pay the costs and reasonable attorney's fees of the prevailing party." (750 ILCS 5/508(b) (West 1992).)

Respondent argued that the above statute does not grant the circuit court jurisdiction to enter an award of attorney fees incurred in a bankruptcy proceeding.

The quoted statute authorizes fee awards "[*i*]*n every* proceeding for the enforcement of an order." (Emphasis added.) (750 ILCS 5/508(b) (West 1992).) The plain meaning of the statute allows the recovery of fees incurred in any proceeding that has as its goal the enforcement of an order or judgment entered in a dissolution proceeding. In a similar situation, we held that the circuit court erred in automatically denying attorney fees in a proceeding brought in a different forum than the dissolution court. (*In re Marriage of Sanda* (1993), 245 Ill. App. 3d 314, 321.) In *Sanda*, the court noted that the plain meaning of the statute required the circuit court to determine whether the corollary proceeding was brought to enforce a dissolution order, and if so, whether it was brought in good faith. *Sanda*, 245 Ill. App. 3d at 321.

We find no authority to indicate that fees incurred in the bankruptcy proceeding automatically do not fall under the statutory scheme of section 508. The mere fact that the fees were incurred in a Federal court does not remove said fees from the purview of the statute.

Respondent filed his bankruptcy petition in an attempt to discharge his debts and obligations. One of those obligations was the settlement agreement. Petitioner procured counsel in order to enforce the dissolution property settlement. The fact that this occurred in the bankruptcy court does not divest the circuit court of jurisdiction to determine whether petitioner is entitled to attorney fees pursuant to section 508. 750 ILCS 5/508 (West 1992).

Therefore, the circuit court did have jurisdiction to award

attorney fees pursuant to section 508(b). We are unable, however, to determine whether attorney fees should have been awarded. In order for petitioner to recover attorney fees pursuant to section 508(b), respondent's failure to comply with the settlement agreement must have been without justification or without cause. (750 ILCS 5/508(b) (West 1992).) We therefore remand this case for a hearing to determine whether respondent's bankruptcy petition and corresponding adversary complaint were filed without cause or justification.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

BOWMAN and DOYLE, JJ., concur.