# Illinois Official Reports

## Appellate Court

---

### *In re Guardianship of Sanders*, 2017 IL App (4th) 160502

---

| | |
|---|---|
| Appellate Court Caption | In re GUARDIANSHIP OF DENISE RAE SANDERS, a Disabled Person (Susan Sanders, Petitioner-Appellee, v. Leon R. Sanders, Respondent-Appellant, Curtis W. Myers, Guardian *ad Litem-*Appellee). |
| District & No. | Fourth District<br>Docket No. 4-16-0502 |
| Filed | May 9, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Livingston County, No. 12-P-8; the Hon. Robert M. Travers, Judge, presiding. |
| Judgment | Vacated and cause remanded with directions. |
| Counsel on Appeal | John A. Hoekstra, of Hoekstra Law Offices, P.C., of Pontiac, for appellant.<br><br>No brief filed for appellee Susan Sanders.<br><br>Curtis W. Myers, of Pontiac, guardian *ad litem*. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Justices Holder White and Knecht concurred in the judgment and opinion. |

**OPINION**

¶ 1    In December 2015 Susan Sanders filed a motion for contribution, requesting that the trial court order her former husband, respondent, Leon Sanders, to contribute money to support the parties' adult disabled daughter, Denise Rae Sanders.

¶ 2    After a May 2016 hearing, the trial court ordered Leon to contribute $350 a week to Susan in support of Denise. The court stated that it drew its authority to make such an award from the Probate Act of 1975 (Probate Act) (755 ILCS 5/1-1 to 30-3 (West 2014)).

¶ 3    Leon appeals. We hold that section 513.5 of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) (750 ILCS 5/513.5 (West Supp. 2015)) grants trial courts the authority to order support for an adult nonminor child with a disability. Moreover, in proceedings under the Probate Act, the trial court may look to the support provision in the Dissolution Act in a proceeding such as this. Accordingly, we vacate the trial court's particular award in this case and remand for a new determination of support, with consideration of the factors provided by section 513.5(b) of the Dissolution Act (750 ILCS 5/513.5(b) (West Supp. 2015)).

¶ 4                                I. BACKGROUND

¶ 5    In January 2012, Susan filed a petition for appointment of guardianship in Livingston County case No. 12-P-8, asking the trial court to appoint her as guardian to her daughter, Denise (born March 2, 1994). The petition alleged that Denise would become an adult in March 2012 and was not fully capable of managing her estate or her person. Susan requested that the court (1) adjudge Denise a disabled person and (2) appoint Susan guardian of Denise's estate and person. In September 2012, the court entered an order adjudicating Denise a disabled adult and appointing Susan as the plenary guardian of Denise's estate and person.

¶ 6    In December 2015, Susan filed a "Motion for Contribution To Support of Disabled Adult." In it, Susan alleged that Leon was Denise's father, who had been ordered to provide child support to Susan under a previous order entered as part of the dissolution of Susan and Leon's marriage. Susan argued that support was authorized by section 513 of the Dissolution Act (750 ILCS 5/513 (West 2014)).

¶ 7    At a May 2016 hearing on Susan's motion for contribution, Leon testified about the income he received from the sole proprietorship electrician business he operated. Susan testified that she worked as a secretary in a law office, where she earned approximately $40,000 per year. Susan testified further that Denise lived with her and did not receive any government benefits. Susan received approximately $147 a week from Leon, which is the amount Leon was paying as child support before Denise became an adult. Susan testified that she and Denise were able to survive on Susan's income plus what she received from Leon.

¶ 8    After the close of evidence, the trial court found that Leon earned approximately $170,000 in annual personal income. The court mused about whether it could award contribution to Susan to support Denise. The court concluded that, although the Dissolution Act authorized support for Denise, the court could not utilize that authority because the current proceeding was a guardianship proceeding and not a dissolution proceeding. That is, Denise's petition was filed in case No. 12-P-8, the probate case. (The parties were divorced in Grundy County case No. 98-D-178. *Sanders v. Sanders*, No. 3-01-0527 (May 31, 2002) (unpublished order under

Supreme Court Rule 23).) Instead, the court decided that it could order support pursuant to its "inherent powers" under the Probate Act, so long as the court found that ordering support was in Denise's best interests. The court then struggled to decide what criteria should be used to determine the amount of support Susan should receive. The court determined that the child support standards of the Dissolution Act did not apply to the current proceedings. The court eventually ordered Leon to contribute $350 per week to Susan.

¶ 9 This appeal followed.

¶ 10 II. ANALYSIS

¶ 11 Leon argues that (1) the trial court lacked subject-matter jurisdiction to enter the order awarding Susan support and, alternatively, (2) the court failed to properly consider the factors provided by section 513.5(b) of the Dissolution Act (750 ILCS 5/513.5(b) (West Supp. 2015)) when awarding support to Susan. Susan has not filed a responding brief, but attorney Curtis W. Myers, who served as guardian *ad litem* (GAL) in these proceedings, has. He responds that the trial court (1) had subject-matter jurisdiction to order support in this case and (2) did not and could not order the father to pay support pursuant to the Dissolution Act in guardianship proceedings.

¶ 12 A. Section 513.5 of the Dissolution Act

¶ 13 By the time the trial court ruled herein, the legislature had amended the Dissolution Act by adding section 513.5 specifically pertaining to the support of a nonminor child with a disability. Pub. Act 99-90, § 5-15 (eff. Jan. 1, 2016) (adding 750 ILCS 5/513.5).

¶ 14 Section 513.5(a) of the Dissolution Act—which became effective January 1, 2016—is titled "Support for a non-minor child with a disability" and provides as follows:

"The court may award sums of money out of the property and income of either or both parties or the estate of a deceased parent, as equity may require, for the support of a child of the parties who has attained majority when the child is mentally or physically disabled and not otherwise emancipated. *** An application for support for a non-minor disabled child may be made before or after the child has attained majority." 750 ILCS 5/513.5(a) (West Supp. 2015).

¶ 15 Section 513.5(b) provides that, when making an award under section 513.5, the trial court "shall consider all relevant factors that appear reasonable and necessary," including:

"(1) the present and future financial resources of both parties to meet their needs, including, but not limited to, savings for retirement;

(2) the standard of living the child would have enjoyed had the marriage not been dissolved. The court may consider factors that are just and equitable;

(3) the financial resources of the child; and

(4) any financial or other resource provided to or for the child ***." 750 ILCS 5/513.5(b) (West Supp. 2015).

¶ 16 We have found no Illinois case that has cited or otherwise interpreted section 513.5 of the Dissolution Act. Under its plain language, section 513.5 grants trial courts the authority to order a former spouse to contribute support for an adult disabled child of the former spouse. 750 ILCS 5/513.5(a) (West Supp. 2015). Section 513.5 explicitly provides that the application

for such support may be made before or after the child attains majority, so long as the nonminor child is "not otherwise emancipated." *Id.*

¶ 17    While now given its own section, this support obligation has long been recognized in Illinois case law and has been codified since 1971 within the provisions of section 513, which otherwise provides for support for educational expenses of children over the age of majority:

> "Section 513 codifies prior Illinois decisional and statutory law. See Ill.Rev.Stat. ch. 40, ¶ 19 (1975). This section has no counterpart in the Uniform Marriage and Divorce Act.
>
> Section 513 authorizes the court to award support for children after they attain the age of majority only if they are disabled. Otherwise, the attainment of the age of majority terminates child support obligations. This accords with prior law. Kelly v. Kelley, 317 Ill. 104, 147 N.E. 659 (1925). Emancipation of children prior to the attainment of the age of majority also terminates child support obligations. § 510(c). Effective August 24, 1971, the Probate Act was amended to provide that the age of majority in Illinois for both males and females is age 18. Ill.Rev.Stat. ch. 110½, ¶ 11-1. Prior to this date, the age of majority was 21 for males and 18 for females. Ill.Rev.Stat. ch. 3, ¶ 131 (1969). Where a divorce decree rendered prior to the effective date of the 1971 amendment to the Probate Act provides for child support for 'minor children', the obligation for child support ceases upon the attainment of the age of 18 for both males and females. Munck v. Munck, [62 Ill. App. 3d 223, 378 N.E.2d 1252] (1st Dist. 1978). See also Stanton v. Stanton, [421 U.S. 7] (1975) ***.
>
> Although not previously provided for by statute, Illinois courts have long recognized a support obligation for mentally or physically disabled children continuing after the attainment of the age of majority. Strom v. Strom, 13 Ill.App.2d 354, 142 N.E.2d 172 (1st Dist. 1957); Freestate v. Freestate, 244 Ill.App.166 (1st Dist. 1927). The first sentence of section 513 codifies this well established rule. See also Probate Act, Art. XIa, regarding disabled persons. Ill.Rev.Stat. ch. 110½, ¶ 11a-1 et seq." Ill. Ann. Stat., ch. 40, ¶ 513, Historical and Practice Notes, at 788 (Smith-Hurd 1980).

¶ 18                                B. Subject-Matter Jurisdiction

¶ 19    Leon argues that the trial court lacked subject-matter jurisdiction to enter its order awarding Susan support because no statutory language granted the court the authority to order support for a disabled adult. The GAL contends the trial court had subject-matter jurisdiction to order support to be paid by the father of the disabled adult herein. We agree with the GAL.

¶ 20    First, as we have previously explained, section 513.5 of the Dissolution Act indeed granted the trial court authority to order support for a disabled adult.

¶ 21    Second, and more fundamentally, in Illinois, subject-matter jurisdiction of the trial courts is provided by article VI, section 9, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. VI, § 9). That section provides that trial courts "shall have original jurisdiction of all justiciable matters," except under limited circumstances, which do not apply in this case. *Id.* "With the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334, 770 N.E.2d 177, 184 (2002). Recently, in *People v. Castleberry*, 2015 IL 116916, ¶¶ 11-18, 43

N.E.3d 932, the supreme court did away with any remaining notion that the subject-matter jurisdiction of a circuit court is at all dependent on statutory, as opposed to constitutional, authority. Therefore, Leon's argument that the trial court lacked jurisdiction because no statute granted it the authority to impose the relief in question is not persuasive.

¶ 22                    C. The Trial Court's Specific Award of Support in This Case

¶ 23    In this case, the trial court ordered Leon to contribute support to Susan in the amount of $350 per week. The court reached that decision after a hearing in which Leon and Susan testified. The court stated that it drew authority for the award from its inherent powers under the Probate Act.

¶ 24    We conclude that section 513.5 of the Dissolution Act (750 ILCS 5/513.5 (West Supp. 2015)) authorizes awards of support from a former spouse to support the former spouse's adult disabled children. We find the cases cited inapposite, including *In re Marriage of Kennedy*, 170 Ill. App. 3d 726, 731-34, 525 N.E.2d 168, 170-73 (1988), cited by Leon; and *In re Estate of McHenry*, 2016 IL App (3d) 140913, and *In re Marriage of Casarotto*, 316 Ill. App. 3d 567, 736 N.E.2d 1169 (2000), cited by the GAL. The trial court case number did not limit the trial court's authority in this respect. However, in this case, we vacate the trial court's particular award and remand for a new determination of support. We impose that relief to ensure that the court's decision is made in accordance with section 513.5 of the Dissolution Act. In reaching a decision as to whether, and how much, support is appropriate in this case, the trial court should consider the factors provided by section 513.5(b) of the Dissolution Act.

¶ 25                                III. CONCLUSION

¶ 26    For the foregoing reasons, we vacate the trial court's judgment and remand the cause with directions.

¶ 27    Vacated and cause remanded with directions.